## SASSER *vs.* SASSER.

If, after acts of cruelty have been completed, and with knowledge thereof, the wife voluntarily cohabits with the husband, it amounts to condonation.

(*a.*) In this case it appears that after the acts complained of, and on the very morning before the wife left her husband, she had intercourse with him voluntarily and with knowledge of such acts.

October 10, 1882.

Divorce. Cruelty. Condonation. Before Judge HOOD. Early Superior Court. April Term, 1882.

Reported in the decision.

J. C. RUTHERFORD, for plaintiff in error.

H. C. SHEFFIELD ; I. A. BUSH, by J. H. LUMPKIN, for defendant.

JACKSON, Chief Justice.

Taking the entire testimony into consideration, and weighing the evidence for the libellant and the defendant, it may well be doubted whether the evidence is sufficient to authorize a divorce ; but without passing upon that question, it is enough to say that the husband's conduct, complained of by the wife, was condoned by the latter on the very morning she left him. It appears that upon that morning there was voluntary cohabitation subsequent to the acts complained of, and with knowledge thereof. This amounted to condonation of those acts. Under our

statute no divorce shall be granted in such case, and that, whether the complaint be adultery, desertion, cruel treatment or intoxication. Code, 1715.

Judgment reversed.