BECKHAM *et al. v.* BECKHAM, administrator.

1. When an exception of law to an auditor's report distinctly presents for deci-
   sion a legal question, a bill of exceptions setting forth the fact that the court
   rendered a judgment sustaining such exception, and alleging that the plain-
   tiffs except to that judgment, is not open to the criticism that it does not
   plainly and distinctly point out the alleged error or specify wherein the judge
   erred in rendering the judgment.
2. An administrator has no right to pay to himself a debt due to him by his in-
   testate, when the same was barred by the statute of limitations before the in-
   testate's death.

Argued April 9, — Decided April 27, 1901.

Exceptions to auditor's report.    Before Judge Reagan.    Pike
superior court.    October 24, 1900.

In 1858 Mrs. Millie Beckham qualified as guardian of her sons
Z. T. and G. D. Beckham, born respectively in 1847 and 1849.
She died in 1893, without having been discharged as guardian, and
her returns as such showed an indebtedness by her to the wards
for an amount considerably greater than the value of the estate left
by her at her death.    In 1894 G. D. Beckham qualified as admin-
istrator of her estate, and in 1898 a petition to cite him for a set-
tlement was filed with the ordinary by all her other heirs at law,
except Z. T. Beckham.    There was a consent appeal to the superior
court, and the administrator filed an answer in which he set up the
decedent's indebtedness, as guardian, to him and his brother; that
the land of which she was in possession at the time of her death
had been bought by her with money of the wards, and, though she
took title to it in her own name, the equitable title was in them, and
it should not be administered as a part of the estate; and that, in
any event, she died in debt to them, and the debt was of a fidu-
ciary character, and they were entitled to payment before any part
of the estate should be paid to the petitioners.    The case was re-
ferred to an auditor, who found that there was an indebtedness as
above stated, but sustained the contention of the plaintiffs that the
debt was barred by the statute of limitations.    The case was again
referred to the auditor to report on the question whether, notwith-
standing the statutory bar, the administrator had the right to re-
tain sufficient funds to pay this indebtedness.    The auditor reported
that the administrator had not the right to do this; the adminis-
trator, among other exceptions, filed an exception of law to this

finding; the court sustained the exception, and the judgment sustaining the exception is assigned as error.

*E. F. Dupree, G. D. Dominick, W. H. Beck, J. J. Rogers,* and *C. J. Lester,* for plaintiffs.

*Arthur Pope* and *R. L. Berner,* for defendant.

LEWIS, J.    When this case was called in this court a motion to dismiss the writ of error was made, on the ground that the bill of exceptions does not plainly and specifically point out the alleged error, or specify wherein the judge erred in rendering the judgment of which complaint is made.    We do not think that this motion was well taken.    It appears that in the court below this case was referred to an auditor, who held as matter of law that an administrator could not, as against the rights of heirs, pay to himself a debt due to him by his intestate and which had become barred by the statute of limitations before the death of the intestate.    An exception of law was made to this finding, and in such exception the point was distinctly made that the auditor's ruling was erroneous.    The case was by consent heard before the judge without the intervention of a jury, and the exception thus made was sustained.    These facts are set forth in the bill of exceptions, and the following words are added : " To which finding and judgment the plaintiffs excepted, and now assign the same as error."    The ruling of which complaint was made is thus plainly set forth for our consideration, and the motion to dismiss the writ of error can not, therefore, be sustained.

The question of law ruled upon by the auditor is the only one now here for decision, viz.: whether or not an administrator can, as matter of right, pay to himself a debt due to him by his intestate which was barred by the statute of limitations before the death of the intestate.    As to this, we agree with the auditor and differ with the judge.    Section 3433 of the Civil Code declares: " An administrator in his discretion may relieve a debt from the bar interposed by the lapse of time, by a new promise to pay: *Provided,* such bar had not occurred in the lifetime of his intestate."    The language of this section was embodied in the first code of the State.    See Code of 1863, § 2501.    It was also contained in section 2542 of the Code of 1882.    From all that appears, the principle thus announced has been the recognized law ever since the adoption of the

first code of this State: If there ever was a statute to the effect that an administrator could retain a debt due to himself from his intestate despite the fact that it was barred by the statute of limitations at the time of the death of the intestate, it was evidently repealed by the enactment into law of this section of the code, which unmistakably implies that where such a bar attaches in the lifetime of an intestate, the administrator has no discretion to relieve the debt from the operation of the statute of limitations. The code itself nowhere makes any distinction favoring administrators over any other class of creditors, and we can conceive of no reason why such a distinction should be made. In fact, section 3423 of the Civil Code declares that "if the administrator is himself a creditor [of the estate], he can not retain his own debt, but must share with others of equal dignity." To our minds, this excludes the idea that our law as it now stands intends to give any preference to administrators over other creditors as to debts against the estate; and it follows that if an administrator can not pay a debt due to another creditor on account of the bar of the statute having attached prior to the death of the intestate, he can not pay a debt of his own which is " down with the same complaint."

The principal case relied upon by counsel for plaintiff in error is *Baker* v. *Bush*, 25 *Ga.* 594, where it was ruled: "An administrator may retain a debt due himself from his intestate, though the debt was barred by the statute of limitations at the death of the intestate." It will be noted, however, that this decision was rendered in the year 1858, prior to the adoption of the first code. Justice Benning, in his opinion in that case, bases the ruling made upon the "letter of the statute" and upon "decided cases." It nowhere appears to what statute he refers, and no Georgia cases are cited to sustain his position. But, however the law may have been at the time that this case was decided, it is certain that under the plain letter of the code, which governs the decision of this case, we would be wholly unauthorized to follow the ruling there laid down. We therefore conclude that the finding of the auditor was correct, and that the court below erred in sustaining the exception taken to his report. *Judgment reversed. All the Justices concurring.*