## LEATHERS *v*. LEATHERS.

1. A motion for a continuance is addressed to the sound discretion of the court, and his judgment overruling the motion will not be disturbed unless it appears that there was a manifest abuse of his discretion.
2. Rulings made by a trial court upon questions made by objection to the pleadings of the parties furnish no proper ground of a motion for a new trial.
3. The court below did not err in repelling the evidence upon the exclusion of which error is assigned in the motion for new trial.
4. The verdict rendered was required by the evidence, and the court did not err in directing the jury to return the same.
5. The newly discovered evidence, upon which the amended motion is based, is not considered; because the affidavits of the movant and his counsel are not properly identified, nor are they embodied or referred to in the motion, nor attached thereto as an exhibit.

Argued July 22, 1908.—Decided February 26, 1909.

Complaint for land. Before Judge Edwards. Douglas superior court. October 21, 1907.

W. A. Leathers brought an action against Mrs. Mary Leathers, to recover certain lots of land in Douglas county. He alleges that he has title to the land in dispute, being seized thereof in fee; that the defendant is in possession; that she has received the rents and profits from said land since January 1, 1902, of the yearly value of $150; and that she refuses to deliver the property. The defendant in her answer admits that she is in possession of the land, and avers, that she is the widow of Peter Leathers, deceased, and the executrix of his last will and testament; that the property was willed to her during her lifetime, and that after her death the same was to go to the grandchildren of the deceased; that the deceased was living on the land at the time of his death, being in possession of it; that she has been in possession of it ever since his death, holding it as executrix, and as her property, under the will, for herself and for the grandchildren named therein. She denies that the title is in the plaintiff, and says, that if the plaintiff holds a deed to the land, it was obtained while Peter Leathers was in a drunken condition and not capable of making a deed; that the plaintiff paid nothing for the land; that the deed was without consideration; that it was made to defeat the creditors of Peter Leathers, whom he owed at that time, and at a time when Peter Leathers was separated from the defendant, and to avoid paying her alimony. She also avers that the property

was never to be delivered to the plaintiff, and that he always denied ownership of it in the presence of herself and of Peter Leathers; that at the time of the execution of the alleged deed Peter Leathers and the defendant were living in a state of bona fide separation; that Peter Leathers became mad at her without cause, and, when he was in a state of intoxication, signed the deed, if it was ever signed at all; that the deed was made for the purpose of depriving the defendant of any right or interest in his estate, by dower after his death, and of alimony during the separation, and for the purpose of defeating the debts of certain creditors held against him; that the deed is also void, because there was no money paid by the plaintiff to Peter Leathers for the land, and no money was ever intended to be paid; that the making of the deed was a sham and a fraud against the defendant and creditors of Peter Leathers; and that as executrix she is holding the property for herself and creditors of her deceased husband and other beneficiaries under the will. She prays that the deed be canceled and set aside as void and as a cloud on the title, and that she may retain possession of the land.

A verdict was directed in favor of the plaintiff, and the defendant excepted to the court's refusal to grant a new trial.

J. *S. James,* for plaintiff in error.

J. *H. McLarty* and *H. W. Nalley,* contra.

BECK, J. (After stating the facts.)

1. In her motion for a new trial the plaintiff in error complains of the overruling, by the court below, of a motion for a continuance, which was submitted when the case was called for trial. But it does not appear, upon an examination of the evidence relied upon to support the motion, that the court abused its discretion in refusing the continuance. The movant testified, in reference to this motion, that she did not feel able to go into the trial of the case; that she had not been well for some time, having been in bed four or five days before she left home for the purpose of coming to court, and she did not feel that she could do herself justice and assist in the trial of the case, as she ought to, so as to protect her own interests; that she had not been in such health for several months as would permit her to see her counsel so as to prepare the case for trial. But she also testified, that "she was about as well as usual; she had been in very bad health for near

six months, some time up, but a great time in bed." Her counsel stated in his place that he could not do justice to the case "in the present state of my client's health; she is an important witness; and besides, I need her assistance in the trial. She has only one son, and he has been away most of the time, and I could not rely on him for any assistance in this case." In his statement, he corroborated what his client had sworn in reference to her ill health, and, in addition, stated that his client had been sick for a long time, that she lived in Atlanta, and that he had not been able to confer with her so as to ascertain the necessary facts for the preparation of the case. This motion for a continuance was addressed to the sound discretion of the court; and while it appears from the evidence in the record that the showing for a continuance was not without merit, still we can not say that the court abused its discretion in overruling the motion. Not only did the movant state that she was about as well as usual, but it must also be remembered that she was present in court, and the trial judge had, while we have not, an opportunity of seeing the party, who was also a witness, of hearing her talk and testify, and of forming, from his own observation, an idea as to her physical condition of health, and her ability to advise and counsel with her attorney. The showing made for a continuance, upon the ground of the absence of a material witness, was defective, as appears from the record, in that it does not appear who the absent witness was, not even his name being given. All these circumstances being considered, we conclude there is no such manifest abuse of discretion as to require a reversal of the judgment of the court upon this ground.

2. The fifth ground of the motion is based upon the overruling by the court of a motion made by the defendant in the court below to dismiss the case. The motion thus overruled was urged upon the ground that "the only title the plaintiff relies upon is from Peter Leathers," and then adds, that this relying upon Peter Leathers being in possession of the land at the time of his death is insufficient to entitle him to recover. This motion was in the nature of a general demurrer; and rulings of the court upon issues thus made should be attacked by exceptions filed pendente lite, with proper assignments of error therein, when the case is finally brought up, or by direct exceptions, if the bill of

exceptions to the final judgment is tendered within time to make exceptions to the rulings in regard to the pleadings. Such a ruling furnishes no proper ground for a motion for a new trial. *Turner* v. *Barber,* 131 *Ga.* 444 (62 S. E. 587). What we have just said above disposes also of the sixth ground of the motion for a new trial, which complains of rulings made by the court in striking certain portions of the defendant's plea.

3. Several grounds of the motion assigned error upon rulings of the court excluding certain testimony which was offered by the defendant. The testimony thus excluded was offered to show that the grantee in the deed did not, at the time of the execution of the deed, have money of his own sufficient to make the payment of the sum recited in the deed as a consideration for the conveyance, and to show further that, subsequently to the execution of the deed, both the grantor and grantee had at divers times denied the execution of the deed, and denied its existence, and the further fact that the grantor remained in possession of the land after the making of the deed, and, while thus in possession, had been heard to declare that the land was his property. The grounds of the motion just referred to were without merit. This is not a case in which creditors of the grantor in the deed are putting in issue the validity of the conveyance or asking that it be set aside. In fact, it does not appear that there were any creditors. And considering the testimony which was repelled in connection with that which was admitted, the evidence as a whole would not authorize a finding in favor of the defendant upon her contention that the deed was executed by the grantor when he was in a drunken condition, or that it was executed to defeat any claim upon her part for alimony. In fact, there is no evidence to show that she had instituted, or was about to institute, or was in a position to institute proceedings for the recovery of alimony.

4. No other verdict than that rendered was possible, under the evidence in the case; and the court did not err in directing the verdict in favor of the plaintiff for the land in controversy, submitting to the jury the question of the amount to be recovered as mesne profits.

5. When a motion for a new trial "is made on the ground of newly discovered evidence, it must appear by affidavit of the movant and each of his counsel that they did not know of the

existence of such evidence before the trial, and that the same could not have been discovered by the exercise of ordinary diligence." Civil Code, §5481. The affidavits of movant and her counsel, showing that they did not know of the existence of the newly discovered evidence, upon which the last ground of the amended motion is based, while they have been included in the record before us, are not properly a part of the record and can not be considered, as they are not embodied in any of the pleadings of the case, nor in the bill of exceptions, nor are they attached to the motion as an exhibit, nor referred to in the motion, nor are they properly identified by the signature of the judge. And, consequently, this last ground of the motion for a new trial will not be considered. See, in this connection, *Summerlin* v. *State*, 130 *Ga.* 791 (61 S. E. 849).

*Judgment affirmed. All the Justices concur.*