## VICKERS *v.* VICKERS.

Where for any reason the legal title to property is placed in one person under such circumstances as to make it inequitable for him to enjoy the beneficial interest, a trust will be implied in favor of the person entitled thereto; but an absolute gift will not be cut down by implication into a trust merely because the donor at the time he made the gift hoped and believed that the donee would permit him to participate in the beneficial interest of the property.

Argued May 7,—Decided October 12, 1909.

Equitable petition. Before Judge Mitchell. Colquitt superior court. October 15, 1908.

*J. D. McKenzie,* for plaintiff.

*T. H. Parker* and *A. B. Buxton,* for defendant.

EVANS, P. J.   Wiley Vickers filed an equitable petition against his wife, Nancy Vickers, alleging; that she held the legal title to three parcels of land under such circumstances as to make her a trustee for him, and that she was violating the trust; and seeking to have the trust declared and the title decreed to be in him. A general demurrer was sustained, and the plaintiff excepted. The plaintiff alleged, that in 1888 he conveyed to his wife a parcel of land

by a deed reciting a money consideration, whereas in truth there was no consideration other than love and affection; that in 1900 other land was conveyed to the wife by third persons from whom he had purchased and paid for it with his own labor and money; that the legal title was placed in the wife because of his great love for her, and his fear that if he should die first she might have difficulty and trouble over the administration of his estate; that they had talked the matter over together, and at the time the conveyances were made to the wife they expected and believed that they would jointly enjoy the beneficial use of the property so long as they lived; that they had lived together peacefully until about three years prior to the filing of suit, at which time the petitioner was forced to leave his home on account of the "boisterous, cross, contentious, impatient, and quarrelsome" conduct of his wife.

It is not contended that an express trust was created, but it is claimed that the legal title was placed in the wife under such circumstances as to raise an implied trust in favor of the husband as provided by the Civil Code, §3159. Where for any reason the legal title to property is in one person under such circumstances as to make it inequitable for him to have the beneficial interest, equity will imply a trust in favor of the person entitled to the beneficial interest. But an absolute gift will not be cut down by implication into a trust merely because the donor hoped and believed at the time the gift was made that the donee would share the beneficial interest of the property with him or with a third person. It must appear from the entire transaction that there is an obligation on the part of the holder of the legal title to hold it for the benefit of some one else. If a husband buys and pays for land and takes a deed in his wife's name, a presumption arises that he intends to make an absolute gift to her, and in order to overcome this presumption he must show something which raises an obligation in her to hold the property in trust for him. Civil Code, §3160; *Stokes* v. *Clark,* 131 *Ga.* 583 (62 S. E. 1028); *Kimbrough* v. *Kimbrough,* 99 *Ga.* 134 (25 S. E. 176); *Jackson* v. *Williams,* 129 *Ga.* 716 (59 S. E. 776). No such obligation appears from the allegations of the plaintiff's petition. On the contrary it is apparent that at the time the legal title was placed in the wife, he intended to make an absolute gift of the property to her, believing and hoping that their domestic life would continue peaceful, and that therefore she would allow

him to participate in the enjoyment of the beneficial use of the property; but that subsequently they had a disagreement, and on this account he is seeking to revoke the gift and reclaim the property. An absolute gift can not, by events transpiring after it is made, be metamorphosed into a trust. Equity will not allow a donor to reclaim property, the title to which he has unconditionally placed in another, merely because he has had a quarrel with the donee. There was no error in sustaining the general demurrer to the petition. *Judgment affirmed. All the Justices concur.*