19925.  ADAMS *v.* ADAMS.

ARGUED JANUARY 15, 1958—DECIDED FEBRUARY 10, 1958—
REHEARING DENIED MARCH 7, 1958.

*Robert W. Spears, William G. Grant,* for plaintiff in error.
*James C. Howard, Jr., Howard & Harmon,* contra.

ALMAND, Justice.  The judgment under review is one denying a motion for new trial in an action wherein the jury granted a divorce on the petition of Dr. Guy H. Adams; awarded permanent alimony to his wife, Mrs. Corrie Mae Adams, for her support and the support of their minor son; divided in equal shares between the parties their real and personal property; and directed that a trust fund in the sum of $10,000 be set up for the education of the son.  The husband sought a divorce on the ground of cruel treatment, and prayed for a decree fixing the interest of himself and his wife in the property known as the "home place," and that an implied trust, not to exceed one-half of the property, be imposed upon said property for his use and benefit.  In her answer, the defendant wife denied all the material allegations of the husband's petition.  She denied that the husband had any interest in the real and personal property standing

in her name, and prayed for an award of permanent alimony for the support of herself and their minor son, and that her property be declared free and clear of any claim or demand of the plaintiff. The defendant did not pray that she be granted a divorce, although she alleged that the separation of the parties was due to the plaintiff's cruel treatment and misconduct.

■ Ground 4 of the amended motion for new trial asserts that the court erred in failing to charge without request the law relative to voluntary condonation and cohabitation. The court gave in charge the latter portion of Code § 30-109, viz., "the party sued may plead in defense the conduct of the party suing, and the jury may, on examination of the whole case, refuse a divorce." Voluntary condonation and cohabitation subsequent to the acts complained of are matters of affirmative defense in the trial of the case upon its merits. *Lybrand* v. *Lybrand*, 204 *Ga.* 312 (49 S. E. 2d 515). The defendant in her answer denied all the charges of the plaintiff as to cruelty and asserted that the separation was caused by his cruel treatment and misconduct. The plaintiff in his petition alleged that there had been some five or six previous separations. On the trial, the plaintiff testified that each time he left the defendant, it was on account of her mistreatment; and that each time he resumed marital relations with her, it was on the condition that there would be no more violence or temper tantrums. The jury was authorized to find from his testimony and the testimony of the other witnesses that the alleged acts of cruelty on the part of the defendant towards the plaintiff were continuous throughout their married life. The testimony of the plaintiff, that each time he returned to live with the defendant it was on condition that she not repeat her past conduct, was not refuted by the defendant's evidence. The evidence shows, rather, that the alleged cruel treatment on the part of the defendant was continuous and steadily grew worse until it became unbearable, and that the separation took place because of such continuous treatment. Where, as here, neither the pleadings nor the evidence demands a charge on condonation, it is not error to fail to charge on that question. *Day* v. *Day*, 210 *Ga.* 454 (2, 3) (81 S. E. 2d 6); *Alford* v. *Alford*, 189 *Ga.* 630 (2, 5) (7 S. E. 2d 278); *Seagraves* v. *Seagraves*, 193 *Ga.* 280 (2) (18 S. E. 2d 460).

■ Over the objection of the defendant, the plaintiff was permitted to testify as follows: "There is no doubt in my mind that these accusations of threats and temper tantrums and other things which I have complained of were done by Mrs. Adams wilfully and intentionally. I think she knew what she was doing at the time she did it, she was of sound mind and she certainly was mentally competent; she didn't care what she did," the objection being that "I don't think he can so testify. He can testify what happened, and I don't think he can state the frame of mind of another person." Ground 5 of the amended motion for new trial asserts that it was error to admit this evidence because the same was a conclusion of the witness, invaded the province of the jury, and permitted the plaintiff to testify as to an ultimate fact which was for the jury to determine. The testimony objected to was given by the witness after he had related a long series of acts covering the entire period of their marriage, wherein he enumerated many specific acts and conduct on the part of the defendant in support of the allegations in the petition that the separation was caused by the wilful and malicious acts of the defendant.

This testimony was not subject to the objection interposed. The plaintiff was not testifying as to an ultimate fact but, rather, was relating a conclusion as to his opinion or belief based upon specific facts to which he had testified and upon which his opinion was based. "Where the question under examination, and to be decided by the jury, shall be one of opinion, any witness may swear to his opinion or belief, giving his reasons therefor." Code § 38-1708. "A witness may give his belief or opinion when it is in connection with, and a mental deduction from, the facts which come within his knowledge and to which he has deposed." *Bryan* v. *Watson*, 20 *Ga.* 480(3). See also *Cothran* v. *Forsyth*, 68 *Ga.* 560(1).

■ Ground 6 of the amended motion for a new trial complains of the following charge to the jury: "Now, gentlemen of the jury, I further charge you that the parties prayed that their respective interests in the items of property acquired before and during their marriage and the sum of money in dispute be determined as to each of them." This is an excerpt from the charge of the court set out in full in ground 7 of the motion, wherein the court

fully instructed the jury on the law relative to the claims of the parties to the properties held in the name of the defendant. The chief objections to this charge are: (a) that it incorrectly stated the contentions and prayers of the defendant; (b) that it did not fully state her contentions; and (c) that it was calculated to confuse and mislead the jury. This portion of the charge, when read in connection with the other parts, is not subject to the objections urged and was authorized by the pleadings and the evidence.

In regard to the claims of the parties to the "home place," the court instructed the jury that, if they found that all the moneys that went into the purchase of the lot and the building of the home were furnished by the defendant, they would not consider the question of property rights any further. But if they found that the plaintiff furnished the purchase money or any part thereof, then they would consider the question of whether the plaintiff intended that these amounts were to be a gift to his wife, or whether he intended that she merely hold title for his benefit. In this connection, the court charged: "As a matter of law, payment of purchase money by the husband, and his causing the conveyance to be made to his wife will be presumed to be a gift; but a resulting trust in favor of the one paying the money may be shown and the presumption rebutted by clear and convincing proof to the contrary that the party at the time of the transaction intended a trust and not a gift. If you find after a consideration of the evidence in this case that the plaintiff, Dr. Adams, has a present equitable ownership, in whole or in part, in one or more of the items and the money, then you may award that interest or those interests to remain his. On the other hand, you may grant one or more or all of the items to the defendant as alimony, if you so find, according to the rules I have already given you in the charge on alimony. Now, Gentlemen, I further charge you that if in your deliberations in this case you determine from and after a consideration of the evidence that the plaintiff, Dr. Adams, has some interest in the property and the items in question, you would necessarily in your award, if any, be confined to the contributions made by the plaintiff, if any, according to the evidence in this case. In regard to the real prop-

erty in question, the same being known as 5270 Greenland Road, Northeast, you are limited to the award of interests, if any, that you may award to the plaintiff, Dr. Adams. *In no event can you award him more than a one-half interest in the said property.*" (Italics ours.)

It is asserted in ground 7 of the motion that the last portion of the above-quoted charge was an incorrect statement of law in that it made the question of whether the payment of the husband was a gift or not solely dependent upon the intent of the husband at the time it was paid. This objection is not tenable. In *Ward* v. *Ward*, 186 *Ga.* 887 (2) (199 S. E. 195), this court held that it was error, on demurrer, to strike so much of the petition as alleged that certain property was purchased jointly by the husband and wife, although the title to the property was taken in the name of the wife and "there was no intention of giving said entire property to defendant by reason of the fact that the title to said property was placed in her name," the rule being that, as between husband and wife, payment of the purchase money by one and causing the conveyance to be made to another shall be presumed to be a gift, but this presumption may be rebutted. Code § 108-116.

Further complaint is made that the charge quoted above was not authorized by the pleadings and the evidence; that the plaintiff predicated his claim upon an express trust, and there being no evidence that the agreement was in writing, it was error to charge on an implied trust. In his petition, the plaintiff alleged that the lot upon which the house was built was acquired by the parties while they were engaged to be married, and "each of said parties agreed to contribute funds toward the purchase price thereof and toward the building of a home which they proposed to erect thereon as soon as they might become financially able, and that each of said parties would own an equal interest in said property and the improvements thereon which would be their home place." He further alleged that he had contributed more than one-half of the purchase money for the lot and for the building of the home thereon, setting forth the amount of his contribution; and that "he is justly entitled to a half interest in said home place, subject to said loan, and that an 'implied in fact trust' should be imposed upon said home place for the use and benefit of peti-

880

tioner, and that he should be awarded said interest therein."
These allegations are supported by the evidence.

Where a man and woman, engaged to be married, agree that
they will both contribute funds toward the purchase of a lot and
the building of a home thereon, and in pursuance of such agree-
ment a lot is purchased and title taken in the name of the wife,
and subsequently to their marriage the antenuptial agreement
is kept in force and a house is erected on the lot from funds con-
tributed by both parties, and all of this was done with the under-
standing and agreement between the parties that they would be
just and equal owners of the property, and where after a separa-
tion of the parties the wife refuses to recognize her husband's
claim of ownership, the law will imply a trust in favor of the
husband for an undivided interest in the real estate in proportion
to the amount of the purchase money paid by him. *Hemphill* v.
*Hemphill,* 176 *Ga.* 585 (168 S. E. 878); *Jackson* v. *Jackson,* 150
*Ga.* 544 (104 S. E. 236).

The charge as given was authorized by the pleadings and the
evidence, and correctly applied the law relating to the issue of
the plaintiff's claim to an interest in the property held by the
defendant.

■ The evidence fully supports the verdict, and it was not error
to deny the defendant's motion for a new trial.

*Judgment affirmed. All the Justices concur, except Duck-
worth, C. J., and Hawkins, J., who dissent.*

HAWKINS, Justice, dissenting. 1. The first headnote states a
correct principle of law, but I dissent from its application in the
present case, and from the first division of the opinion because,
as I construe the evidence in this case, it clearly presents the
question of voluntary condonation by the plaintiff of the alleged
cruel treatment on the part of the defendant. While the plain-
tiff testified that there had been several separations brought
about by the cruel treatment of his wife, and conditional recon-
ciliations and voluntary cohabitation subsequently thereto, based
upon her express promise not to repeat the cruel treatment, this
testimony was disputed by the wife, she having denied that she
was ever guilty of cruel treatment at any time, and thus denied
that there had ever been any conditional reconciliation and co-

habitation. Code § 30-109 provides that, "if there has been a voluntary condonation and cohabitation subsequently to the acts complained of, and with notice thereof, then no divorce shall be granted." It is true that previous acts of cruelty are revived where the conditional condonation is broken by a repetition of the acts of cruelty, and the injured party again separates because of them (*Harn* v. *Harn*, 155 *Ga.* 502, 117 S. E. 383) ; yet voluntary cohabitation as husband and wife, for no matter how short a period after and with knowledge of the acts of cruel treatment, condones the previous acts. *Sasser* v. *Sasser*, 69 *Ga.* 576; *Phinizy* v. *Phinizy*, 154 *Ga.* 199 (114 S. E. 185). The condoning party cannot forgive the acts and cohabit voluntarily with the forgiven one and at the same time reserve the right to assert them as a means of obtaining a divorce. *Davis* v. *Davis*, 134 *Ga.* 804 (68 S. E. 594, 30 L.R.A. (NS) 73, 20 Ann. Cas. 20). Applying the foregoing principles of law, the issue of condonation was raised by the evidence, and it was the duty of the trial court to give the jury the law of the case to the extent of covering the substantial issues made by the evidence, whether requested or not. *Central Railroad* v. *Harris*, 76 *Ga.* 501, 511; *Mobley* v. *Merchants & Planters Bank*, 157 *Ga.* 658 (122 S. E. 233).

I also dissent from the ruling made in the fourth division of the opinion. The charge complained of in the seventh special ground of the motion for new trial is subject to the criticism that it makes the question of whether or not a trust results in favor of a husband who pays a part of the purchase money of property placed in his wife's name depend solely upon what may have been an undisclosed intent in the mind of the husband. The charge complained of instructed the jury in effect that the intention of the husband that the wife should hold the property in trust for him, even though it may have been unknown to the wife, would be sufficient to overcome the presumption of a gift, which the law raises where purchase money is paid by the husband and title is taken in the name of the wife. In *Kimbrough* v. *Kimbrough*, 99 *Ga.* 134(1) (25 S. E. 176), this court said: "Where a husband with his own money purchased and paid for a home, and deliberately and intentionally had the same conveyed to his wife, with no *understanding* or *agreement* that he was in any event to

882

have an interest in the title, the transaction amounted to a gift from the husband to the wife, and as between them the property became absolutely her separate estate." (Italics ours.) In *Vickers* v. *Vickers*, 133 *Ga.* 383, 384 (65 S. E. 885, 24 L.R.A. (NS) 1043), it is held: "But an absolute gift will not be cut down by implication into a trust merely because the donor hoped and believed at the time the gift was made that the donee would share the beneficial interest of the property with him. . . It must appear from the entire transaction that there is an obligation on the part of the holder of the legal title to hold it for the benefit of someone else. If a husband buys and pays for land and takes a deed in his wife's name, a presumption arises that he intends to make an absolute gift to her, and in order to overcome this presumption, he must show something which raises an obligation in her to hold the property in trust for him." See also *Williams* v. *Thomas*, 200 *Ga.* 767 (38 S. E. 2d 603). Under the foregoing authorities, the charge here complained of was erroneous, and for the reasons above stated I dissent from the portions of the opinion here pointed out, and from the judgment of affirmance.

I am authorized to say that Mr. Chief Justice Duckworth concurs in this dissent.