## 20865. JOLLEY *v.* JOLLEY.

SUBMITTED APRIL 12, 1960—DECIDED MAY 5, 1960.

*Albert A. Roberts,* for plaintiff in error.

*Gerstein & Carter,* contra.

ALMAND, Justice. The bill of exceptions assigns error on: (a) an order refusing to strike, on motion of the plaintiff, the defendant's answer and cross-petition, and (b) an order granting the defendant temporary alimony, attorneys' fees and custody of the minor children. The only ground of alleged error argued by counsel for the plaintiff in error is that the court erred in not striking the defendant's answer and cross-petition. We will confine this opinion to this single question.

Harry L. Jolley on August 7, 1959, filed his petition in Fulton Superior Court against his wife, Amanda Jolley, a nonresident of Georgia. On the same date an order was entered that she be served by publication, and process issued requiring her to be and appear in court within 60 days of publication of service. On October 7, 1959, 61 days after the date of the order of service by publication, she, through her counsel, filed her answer and cross-petition, wherein she prayed for a divorce, alimony, attorneys' fees, and custody of the minor children. The husband filed a written motion to strike her answer and cross-petition on the ground that it was filed more than 30 days from the time of service, the contention being that, under the provisions of the act of 1958 (Ga. L. 1958, p. 315; Code, Ann., § 81-1506), the defendant was in default and could not file any defensive pleadings without first paying the costs, under the provision of section 18 of the act of 1946 (Ga. L. 1946, pp. 761, 777; Code, Ann., § 110-401).

Section 24 of the act of 1946 (Ga. L. 1946, pp. 761, 780; Code, Ann., § 81-1506), prescribing rules of procedure, pleading, and practice in civil actions, expressly provided that the rules set out

therein shall not "change the existing law or procedure as to alimony or divorce cases." Section 18 of this same act (Ga. L. 1946, pp. 761, 777) repealed Code § 110-401 of the Code of 1933, and enacted a new Code § 110-401, providing that, "If any case is not answered on or before its appearance date, such case shall automatically become in default unless the time has been extended as provided by law," with the right of the defendant to open the default within 15 days from the appearance day by filing defenses and upon paying costs (Code, Ann., § 110-401).

Section 1 of the act of 1958 (supra) provided: "Code section 30-113, declaring that judgment by default shall not issue in divorce cases, is hereby amended by striking said section in its entirety and substituting in lieu thereof the following: 'Section 30-113. The same rules of pleading and practice applicable to ordinary civil actions, including those laws relating to the appearance day and the trial or "return" term of cases, shall apply to actions for divorce, actions for alimony, actions for custody of minor children (other than habeas corpus proceedings), and actions for any combination of the foregoing; provided, however, that no verdict or judgment by default shall be taken in any such case, but the allegations of the petition shall be established by evidence before the judge or jury, as the case may be.' " Section 3 of this act (supra, p. 316) struck from section 18 of the act of 1946 (supra) the words "nor change the existing law or procedure as to alimony or divorce cases."

It is apparent that the act of 1958 (supra) had for its main purpose the conforming of procedure in actions for divorce, alimony, and custody of children to that prevailing in ordinary civil proceedings as to appearance day, trial or return term of cases, and service by publication; and did not purport to change the long-established rule of procedure and public policy that a defendant in a divorce action could at any time before final judgment contest the action, with or without formal pleading, and file a cross-bill for divorce and alimony. The act of 1946 (supra) as amended by the act of 1958 (supra) does not require a defendant in a divorce action, after the appearance day of the case, to pay the costs before filing an answer and cross-bill.

Code § 30-106 provides that the respondent in a divorce action

may in his or her plea and answer ask a divorce in his or her own favor. Code (Ann.) § 30-113, as amended by the act of 1958 (supra), provides that there shall not be any verdict or judgment taken by default in such cases.

In *Cohen* v. *Cohen*, 209 *Ga.* 459 (74 S. E. 2d 95), the defendant filed her answer and cross-bill to the husband's petition after the appearance day and after the case had been marked in default. On motion the court struck her answer and cross-bill. In holding this to be error, this court said (at page 462 of the opinion): "No provision has been made in this State by statute or otherwise for a judgment declaring a divorce suit to be in default as to pleadings and we therefore hold that the court erred in striking the defendant's defensive pleadings, and in refusing thereafter to allow the defendant to resist fully the application for divorce by cross-examining the plaintiff and by the introduction of evidence or otherwise. The defendant in a divorce suit, like the State, should not be deprived of his or her right to resist fully the grant of a total divorce whether defensive pleadings be filed or not." It was further held in that case that, when the defendant filed her cross-bill seeking a divorce and alimony, this was the legal equivalent of an independent suit for alimony, to be treated as a mere ancillary suit, and our rules of practice, procedure, and pleading as applicable to divorce cases do not require an answer taking the character of a cross-bill to be filed at the time called for in the process.

As to the public policy favoring a restraint upon the procurement of a divorce, since the marital status is one in which the State and the public have an interest, see Code § 30-129; *Head* v. *Head*, 2 *Ga.* 191, 194; *Watts* v. *Watts*, 130 *Ga.* 683 (61 S. E. 593); *Haygood* v. *Haygood*, 190 *Ga.* 445 (9 S. E. 2d 834, 130 A. L. R. 87); *Tatum* v. *Tatum*, 203 *Ga.* 406 (46 S. E. 2d 915).

In our opinion the ruling in the *Cohen* case (supra), though announced prior to the 1958 act (supra), is correct and should be applied in this case. Accordingly, it was not error to deny the plaintiff's motion to strike the defendant's answer and cross-bill, because they were filed without first paying the costs.

*Judgment affirmed. All the Justices concur.*