23754. ASHBAUGH v. ASHBAUGH.

ARGUED OCTOBER 12, 1966—DECIDED NOVEMBER 23, 1966—
REHEARING DENIED DECEMBER 13, 1966.

*Houston White*, for appellant.

*Reeves & Collier, Rex T. Reeves, Merrell Collier, Grant, Spears & Duckworth, William G. Grant*, for appellee.

GRICE, Justice. The issue of ownership of certain real estate in a suit for divorce and alimony produced this appeal. Mrs. Dorothy Edwards Ashbaugh filed the action against John Isaac Ashbaugh, Jr., in the Superior Court of Fulton County. In addition to a divorce, alimony in lump sum and installments, and custody of the children, she was awarded the residence and the parcel upon which it was situated, free and clear of any encumbrance. The husband was found to own the remainder of the 35 acre tract of which the residential parcel was a part. Judgment was entered accordingly. The appeal is from denial of the wife's motions for judgment notwithstanding the verdict and for new trial.

Enumerated as errors here are rulings complained of in those motions and the denial of her motion for directed verdict. The

wife contends that the entire 35-acre tract, above mentioned, is her property, that it was given to her by the husband. He, on the other hand, maintains that he placed title in her as trustee for him and that, therefore, he owns it.

■ The wife's position is that there was no evidence which rebutted the presumption of a gift to her which arose from the husband's having the deed made to her, or which showed a resulting trust in favor of the husband as to this property. She makes this contention in her enumeration of errors by reciting various reasons, not necessary to relate here, why it was error to deny her motions for directed verdict and judgment notwithstanding the verdict, the general grounds of her motion for new trial, and the special ground of her motion for new trial which urged that there was no evidence to authorize a charge to the jury as to rebuttal of the presumption of gift or as to a resulting trust. Since these raise a common issue they will be treated together here.

The evidence on this issue was in sharp conflict.

The wife testified emphatically that the husband gave her this property in 1947. She submitted both oral and documentary evidence in support of her position.

On the other hand, the husband introduced evidence to show that he owned the property. His position is that the evidence authorized the jury to find that he had no intention to make a gift; that the presumption of gift which arose by his paying the purchase price and causing the deed to be made to his wife was rebutted by clear and convincing evidence, and that it showed a resulting trust since the legal title was in the wife but the beneficial interest was in him.

Our duty here has been to examine the voluminous record and determine whether the jury's finding for the husband on this issue was authorized. While there was a great deal of evidence submitted by both parties, in our view it is not necessary to recite all of it here. What we regard as decisively significant in this determination is that which follows.

The husband negotiated the sales price of this property and used his money to make the down payment. The sale took place on October 2, 1947, with his money for the purchase price.

Prior to the closing, he asked the seller to have the deed placed in the wife's name, "to hold it for [him] at that time." The warranty deed was delivered to the wife. The husband testified: "I placed [it] over there in her name in case anything happened to me, that they would go to less expense and less trouble in the event of my death or the fact that I was incapacitated where I couldn't handle anything, my wife and family would have less trouble and expense insofar as that piece of property was concerned." He further testified that "I never actually gave this property or intended to give it to anyone, and did not give it to my wife," and that there was not any question or discussion with anyone about a gift of the property.

Improvement of the property began in 1950 by construction of the residence, which was facilitated by two loans which he negotiated. As to these, while the wife executed documents reciting that she owned the property, both signed the promissory notes. In the construction he acted as contractor and personally supervised the work. Upon completion of the residence, the husband, wife and their children occupied it until the parties separated in 1962.

Meanwhile, two tracts were sold off of this property. He negotiated these transactions and his wife executed the deeds. A portion of the purchase prices, together with his own money, discharged the two loans. Later, a third loan was obtained by him, and it was handled in the same manner as the two above mentioned.

He, with his own money, paid the taxes each year and also from time to time defrayed the costs of outbuildings, fences, shrubbery, and the like on the property.

The husband testified that the wife never contended she owned the property until her present attorney entered the case some months after suit was filed. He introduced in evidence a paragraph of her original petition, later withdrawn by amendment, wherein she alleged that "until the time of this separation plaintiff and defendant and the three minor children of their marriage resided in the family home . . . which is in plaintiff's name."

Our *Code*, § 108-116, provides that "As between husband and wife . . . payment of purchase money by one, and causing

the conveyance to be made to the other, shall be presumed to be a gift; but a resulting trust in favor of the one paying the money may be shown and the presumption rebutted."

This court has held that such presumption "may be repelled by evidence showing that the husband thereafter exercised acts of dominion over the property, of such a character as were inconsistent with ownership by the wife. Acts of the wife apparently recognizing ownership in the husband are proper matters for consideration in determining whether there has been an acceptance of the gift." *Gould v. Glass,* 120 Ga. 50 (2) (47 SE 505). Also, "Parol evidence of the nature of the transaction, or the circumstances, or the conduct of the parties, is admissible to rebut the presumption of a gift; but in order to rebut the presumption . . . the proof must be clear and convincing." *Jackson v. Jackson,* 150 Ga. 544 (104 SE 236).

In assessing an attempt to rebut this presumption of a gift, *Code* § 48-101 is significant. It declares that to constitute a gift, "there shall be the *intention to give by the donor,* acceptance by the donee, and delivery." (Emphasis supplied.) While intention at the time of the conveyance of the property controls and subsequent events can not cut down an absolute gift to a trust, subsequent acts and conduct are admissible to show intention at the time of the transaction. See *Williams v. Thomas,* 200 Ga. 767, 774 (38 SE2d 603); 26 AmJur 728, Husband and Wife, § 101; 38 CJS 867, Gifts, § 66; Restatement, Trusts 2d, § 443; 4 Scott, Trusts 3040, § 443.

Here, besides the husband's positive testimony that he did not give the property to his wife and had no intention of doing so, there is abundant evidence, related hereinbefore, as to his control and management of the property. His testimony as to his intent was as to a fact and had probative value. See *Ward v. Ward,* 186 Ga. 887 (199 SE 195); *Adams v. Adams,* 213 Ga. 875 (102 SE2d 566) (two Justices dissenting).

Therefore, we hold that there was sufficient evidence to rebut the presumption of gift to the wife and to raise a trust in the husband's favor. The wife's enumerations of error, complaining of the denial of her motions for directed verdict, judgment notwithstanding the verdict, and those grounds of her motion for new trial relating to this issue are not meritorious.

■ In a special ground of her motion for new trial the wife complains of the following extracts from the court's charge to the jury: "I charge you that parol evidence, that is, oral evidence, as to the nature of the transaction or the circumstances or the conduct of the parties is admissible to rebut the presumption of a gift, but that in order for this evidence to rebut the presumption of the law that it is a gift, the evidence must be clear and convincing," and "I charge you that there is, as I say, an issue in this case as to whether the ownership of the real property is in the plaintiff wife or in the defendant husband, and I charge you that it is your duty to determine this issue under the rules of law that I have given you and will give you, taking into consideration the nature of the transaction, the circumstances and the conduct of the parties as these matters may have been shown to you by the evidence."

It is urged that the court erred in including among the elements which could rebut the presumption of a gift the element "as to the nature of the transaction," since that phrase could be used only for the purpose of establishing a gift. The wife also maintains that the charge as to this phrase was not authorized by the evidence.

This complaint is not valid.

The charge follows *Code* § 108-108, which provides that "In all cases where a trust is sought to be implied, the court may hear parol evidence of the nature of the transaction, or the circumstances, or conduct of the parties, *either to imply or rebut a trust.*" (Emphasis supplied.) The first extract is found almost verbatim in the first headnote of *Jackson v. Jackson,* 150 Ga. 544, supra: ". . . Parol evidence of the nature of the transaction, or the circumstances, or the conduct of the parties, is admissible to rebut the presumption of a gift. . ." The second extract is merely referrable to and repetitive of the first. Both are authorized by the evidence, under our holding in Division 1.

■ In another special ground of her motion for new trial the wife complains that the court erroneously required her to produce for the husband's inspection all documentary evidence held by her in court. She asserts that this was done upon the hus-

band's oral motion and without a written notice to produce, and that permitting such inspection, before the jury was impaneled and evidence heard, was prejudicial error.

To this we cannot agree.

The record shows that immediately prior to the foregoing inspection of the wife's documentary evidence, she had examined him as to the same subject matter pursuant to a written notice to produce which was not served within the required ten days but to which the husband had responded as to the records he had in court. Furthermore, the wife's contention that this inspection procedure afforded the husband an opportunity to compose in advance a false explanation for his signing certain documents, thereby depriving her of an effective cross examination of him in the trial, is not meritorious, as the record shows that she had requested and obtained permission to interrogate the husband during this procedure complained of.

For the reasons stated above, the judgments are

*Affirmed. All the Justices concur, except Duckworth, C. J., and Candler, P. J., who dissent. Nichols, J., concurs specially.*

NICHOLS, Justice, concurring specially. I concur in the judgment but not in all that is said in the opinion. The original pleadings of the plaintiff which showed the legal title to the real estate to be in her name, properly construed did not allege complete ownership, and although stricken by amendment, were introduced in evidence and this evidence authorized the jury to find the original intention of the parties to be that no gift was intended.

DUCKWORTH, Chief Justice, dissenting. Absent an intention of both husband and wife at the time the deed was made that the property was conveyed to the wife in trust and not in fee as the deed recites, a gift was thereby consummated. *Code* § 108-116. This consummated gift can not be reduced by subsequent conduct or statements of the parties to an estate in trust. *Vickers v. Vickers,* 133 Ga. 383 (65 SE 885, 24 LRA (NS) 1043); *Jackson v. Jackson,* 146 Ga. 675 (92 SE 65); *Williams v. Thomas,* 200 Ga. 767 (38 SE2d 603). In the *Vickers* case, supra, it is said at page 384: "But an absolute gift will not be

cut down by implication into a trust merely because the donor hoped and believed at the time the gift was made that the donee would share the beneficial interest of the property with him or with a third person. It must appear from the entire transaction that there is an *obligation* on the part of the holder of the legal title to hold it for the benefit of someone else." (Emphasis supplied.) Obviously, this court overlooked the above older decisions in *Ward v. Ward,* 186 Ga. 887 (199 SE 195); consequently, that decision must yield to the above older decisions. While Justice Hawkins and I dissented in *Adams v. Adams,* 213 Ga. 875 (102 SE2d 566), and it is therefore not controlling, it cited only *Ward v. Ward,* 186 Ga. 887, supra, to support the ruling, and thus it is unsound.

There is absolutely nothing in this record to show an intent, a promise, or moral obligation resting upon the wife at the time of the conveyance to her to obligate her to hold the property in trust for the benefit of the grantor. The conveyance being thus without condition expressed or implied, acts and words of either or both of the parties to that deed subsequently can not change the consummated gift. Of course, her pleadings where she prayed that this property be given to her as alimony, although stricken by amendment, could, nevertheless, be introduced in evidence against her, but it amounts to no more than her erroneous understanding of the legal effect of the deed. This is overwhelmed by an array of affidavits the husband made subsequent to the deed in which he swore that the land belonged to her, and he did this to induce lenders to rely upon her title.

I must, for the foregoing reasons, dissent.

I am directed by Mr. Presiding Justice Candler to state that he concurs in this dissent.