## 32961. ADDERHOLT v. ADDERHOLT.

HILL, Justice.

The wife appeals from the divorce decree and alimony award urging thirty-two enumerations of error.

On April 15, 1975, the wife filed suit for divorce alleging cruel treatment and seeking alimony. The husband answered on May 19 denying that his wife was entitled to divorce or alimony but asking that he be granted a divorce if one were granted to her.

Twenty months later, on January 6, 1977, the

husband filed, without leave of court, an amendment adding a counterclaim for divorce on the ground that the marriage was irretrievably broken. The following day he moved for judgment on the pleadings and the court issued a rule nisi setting the motion for hearing on February 8. At that hearing the wife opposed the grant of a divorce on the pleadings but the court granted the divorce and reserved the other issues for trial.

Attached to the wife's original complaint were interrogatories. The husband's answers to those interrogatories referred to several tracts of land including three owned jointly by the parties, the residence in Hall County valued at $100,000, 55 acres in Union County valued at $55,000 and 31 acres in Franklin County valued at $10,000. Also, in providing financial data required by standing order of court, the husband listed these three tracts as being jointly owned by the parties and referred to the wife's interests in them as being among her assets. In referring to his monthly expenses the husband noted as to two of these tracts that his monthly mortgage payments increased the wife's equity. In arguing on temporary alimony, the husband pointed to the benefit to the wife from these monthly payments.

On April 1, 1977, the husband filed, without leave of court, a counterclaim asserting that he had paid for these three tracts out of his own funds, that he had exercised control over them, that he had not given any interest in them to his wife, that he alone was the rightful owner of them, and that his wife's one-half interest in them should be divested. On April 15, the wife moved for continuance of the alimony trial set for May 9, which motion, along with an oral motion (later reduced to writing) to strike the latest counterclaim for lack of leave of court, was overruled on April 20. After the motion to strike the second counterclaim was reduced to writing, the court entered an order: "The foregoing motion having been presented orally by Plaintiff after denial of Plaintiff's motion for continuance and said motion having been considered by the Court at pre-trial conference on April 20, 1977, at which counsel for Plaintiff and Defendant were present, and the Court having granted Plaintiff leave to file said motion in writing in order to perfect the

record without the necessity for notice or further hearing on said motion, upon consideration of said motion *without evidence* and after having heard argument of counsel thereon, said motion is hereby overruled and denied." (Emphasis supplied.)

1. Code Ann. § 81A-113 (f) provides: "When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, he may by leave of court set up the counterclaim by amendment."

In this case the denial of the motion to strike the second counterclaim was the equivalent of an order allowing the filing of that counterclaim. The denial of the motion to strike without evidence therefore was the equivalent of allowing the late counterclaim without evidence.

In what has become the leading Georgia case on this subject, *Blount v. Kicklighter,* 125 Ga. App. 159 (4) (186 SE2d 543) (1971), Judge Eberhardt held: "Before a delayed filing of a counterclaim is allowed, the court should require the submission of evidence and make a finding therefrom as to whether the delay was occasioned by oversight, inadvertence or excusable neglect. A finding of oversight or of inadvertence is unsupported if it appears *from the pleadings or the facts* that the defendant or his counsel had knowledge of the existence of the claim when the defensive pleadings were prepared and filed in the first instance. 'It is true that as a general rule leave to amend (and set up a counterclaim) shall be given freely, but this does not dispense with the necessity of showing that justice so requires.' "

It was error for the court to allow the husband's late counterclaim in this divorce case (seeking to divest the wife of title to land) without evidence and without requiring the defendant husband to make the showing required of him by Code Ann. § 81A-113 (f).

On the other hand, whether the husband's counterclaim seeking a no-fault divorce be considered a matter so inherently involved in the wife's prayer for divorce as to make a counterclaim unnecessary (see Code §§ 30-106, 30-113; see also *Jolley v. Jolley,* 216 Ga. 51 (114 SE2d 534) (1960)), or as counterclaim maturing after

answer (see Code § 81A-113 (e)), it was not error to allow the husband's counterclaim seeking divorce.

It was not error to grant divorce on motion for judgment on the pleadings (*Dickson v. Dickson,* 238 Ga. 672 (235 SE2d 479) (1977)), and it was not error to deny the motion for continuance. *Leathers v. Leathers,* 132 Ga. 211 (1) (63 SE 1118) (1909); *Williford v. Williford,* 230 Ga. 543, 544 (198 SE2d 181) (1973).

2. The wife's motion for a directed verdict in her favor on the husband's second counterclaim, for divestiture of her interest in jointly owned property, was denied. The jury awarded the wife's half interest in the property to the husband and the wife enumerates as error the overruling of her motion for directed verdict. See Code Ann. § 6-702 (b).

The wife urges that there was no evidence of an agreement or understanding between her husband and herself that the half interests in her name were to be held in trust for her husband. The wife testified that there was no such agreement.

In *Scales v. Scales,* 235 Ga. 509, 510 (220 SE2d 267) (1975), this court ruled: "Code § 108-116 provides: 'As between husband and wife, parent and child, and brothers and sisters, payment of purchase money by one, and causing the conveyance to be made to the other, shall be presumed to be a gift; but a resulting trust in favor of the one paying the money may be shown and the presumption rebutted.' To rebut the presumption of a gift, the appellee must show that a resulting trust was contemplated by both parties by way of an understanding or agreement. *Williams v. Thomas,* 200 Ga. 767 (38 SE2d 603) (1946); *Jackson v. Jackson,* 150 Ga. 544, 554 (104 SE 236) (1920); *Kimbrough v. Kimbrough,* 99 Ga. 134 (25 SE 176) (1896); *Vickers v. Vickers,* 133 Ga. 383 (65 SE 885, 24 LRA (NS) 1043) (1909). 'This understanding or agreement, either express or shown by the nature of the transaction, the circumstances or the conduct of the parties, must have existed at the time the transaction was consummated. See *Williams v. Thomas* . . . Because the appellees offered no evidence as to any such understanding or agreement existing at the time the conveyance was made, the presumption of gift stands unrebutted.' *Whitworth v.*

*Whitworth,* 233 Ga. 53, 57 (210 SE2d 9) (1974)."

The husband relies upon *Ashbaugh v. Ashbaugh,* 222 Ga. 811 (152 SE2d 888) (1966), in which a majority of the court found that the husband's testimony that he did not make a gift of the property to his wife, that he had no intention of doing so, and that he controlled and managed the property, was sufficient evidence to rebut the presumption of gift and to raise a trust in the husband's favor. Justice Nichols, now Chief Justice, concurred specially, finding an admission in the wife's pleadings that no gift was intended. The dissenters urged that there was no evidence of a promise by or obligation on the wife at time of the conveyance to hold the property in trust for her husband.

In *Ashbaugh,* supra, the majority relied upon *Ward v. Ward,* 186 Ga. 887 (199 SE 195) (1938), and *Adams v. Adams,* 213 Ga. 875 (102 SE2d 566) (1958). The dissenters relied upon *Vickers v. Vickers,* 113 Ga. 383 (65 SE 885) (1909), and *Williams v. Thomas,* 200 Ga. 767 (1) (38 SE2d 603) (1946), which in turn relied upon *Kimbrough v. Kimbrough,* 99 Ga. 134 (1) (25 SE 176) (1896), where the court held: "Where a husband with his own money purchased and paid for a home, and deliberately and intentionally had the same conveyed to his wife, with no understanding or agreement that he was in any event to have an interest in the title, the transaction amounted to a gift from the husband to the wife, and as between them the property became absolutely her separate estate."

It becomes necessary to decide whether direct evidence denying the making of a gift is sufficient to create a resulting trust, *Ward v. Ward,* supra, and cases following it, or whether evidence showing an agreement to create a trust is necessary to create such a trust, *Kimbrough v. Kimbrough,* supra, and cases following it.

We find the better reasoned authority to be stated in both the oldest and most recent cases, *Kimbrough* and *Scales,* supra. The other line of cases, *Ward v. Ward,* and its progeny, will not be followed. It therefore follows that there was no evidence to establish a resulting trust and the trial court erred in denying the motion for directed verdict. The trial court is directed to enter judgment in

accordance with the motion for directed verdict as to the three tracts of land. Code Ann. § 81A-150 (e). Of course, the wife's interests in these properties shall remain subject to whatever mortgage or other obligations may be properly chargeable against her interests or herself. However, because the wife's estate properly includes her interest in these properties, which assets were not considered by the jury as being hers, a new trial for alimony must be had.

3. We find no error in the 15 enumerations of error regarding failure to give certain of the wife's requests to charge or in the giving of certain of the husband's requests to charge.

4. In view of the necessity that there be a new trial as to alimony, we do not consider the adequacy or inadequacy of the alimony award or the court's construction of the verdict.

5. Apparently relying on the requirement that the appellant in civil cases pay for the record and transcript of evidence (Code Ann. §§ 24-2729, 6-805(c); *Stone Mtn. Memorial Assn. v. Stone Mtn. &c. R.*, 232 Ga. 92 (2) (205 SE2d 293) (1974)), the trial court found that it was prohibited by law from awarding to the appellant wife the costs of the record and transcript.

Code § 30-202 authorizes the trial court in a divorce case to award temporary alimony to the wife, including expenses of litigation, as the condition of the husband and facts of the case may justify. The cost of transcribing the evidence is an expense of litigation (*Brown v. Brown*, 224 Ga. 90 (160 SE2d 343) (1968)), and the cost of the record on appeal is also. The general requirement that in civil cases these costs be paid by the appellant does not prevent the appellant wife from being reimbursed these expenses by her husband in divorce cases pursuant to Code § 30-202 if the trial judge sees fit in his discretion to award such expenses. Code §§ 30-203, 30-205. The trial court erred in holding that it lacked authority to award the costs of the record and transcript to the wife as expenses of litigation.

6. As for the remaining enumerations of error, as to some we find no reversible error and as to others the issues are unlikely to arise on retrial.

*Judgment reversed. All the Justices concur, except*

*Nichols, C. J., Jordan and Hall, JJ., who dissent.*

SUBMITTED NOVEMBER 17, 1977 — DECIDED JANUARY 5, 1978 — REHEARING DENIED JANUARY 24 AND FEBRUARY 8, 1978.

*Gerard & Matthews, William T. Gerard,* for appellant.

*Smith, Smith & Frost, John H. Smith, Steven P. Gilliam, Sartain & Carey, Jack M. Carey,* for appellee.

JORDAN, Justice, dissenting.

I dissent from the holding in Division 2 of the opinion directing the trial court to enter a directed verdict for the wife as to the three tracts of land.

The majority opinion sets forth the two lines of cases dealing with the requirements necessary for the creation of a resulting trust and concludes that the better view is that stated in *Kimbrough v. Kimbrough,* 99 Ga. 134 (25 SE 176) (1896) and *Scales v. Scales,* 235 Ga. 509 (220 SE2d 267) (1975). In my opinion the better view is that expressed by this court in *Ashbaugh v. Ashbaugh,* 222 Ga. 811 (152 SE2d 888) (1966) and *Ward v. Ward,* 186 Ga. 887 (199 SE 195) (1938).

This court now holds that there must be an agreement or understanding between the parties *at the time of the conveyance* in order to establish a resulting trust. This holding is in direct conflict with the majority view in the United States as well as the Georgia cases cited above. In Restatement of the Law, Trusts 2d, § 443 it is stated: "Where one person pays the purchase price for property which is transferred at his direction to another who is a natural object of his bounty, parol evidence is admissible to show that the payor intended that the transferee should not have the beneficial interest in the property, even though the property transferred was an interest in land and the Statute of Frauds is in force. The intention of the payor not to make a gift to the transferee *may be shown* not only *by oral declarations of his intention,* but also by the circumstances under which the transfer is made." (Emphasis supplied.)

In Scott on Trusts, Vol. V, § 44-3, p. 3334, the majority

rule is again stated as follows: "Even though the grantee is so related to the payor as to be a natural object of his bounty, parol evidence is admissible to rebut the presumption of a gift and to show that a trust was intended." This same authority, in commenting on the quantum of evidence necessary to establish a resulting trust, stated: "The better view is that it is necessary to produce such evidence as is required to establish any other fact. As the court said in one case: 'It is the intention of the parties in such cases that must control, and what that intention was may be proved by the same quantum or degree of evidence required to establish any other fact upon which a judicial tribunal is authorized to act.' " Ibid., p. 3347.

Code § 108-116 clearly states that "a resulting trust in favor of the one paying the money may be shown and the presumption [of a gift] rebutted." This Code section does not require that a resulting trust can only be shown by an express agreement at the time a gift is made. The majority view so holding is too restrictive of the clear intent of the Code section and eliminates the possibility of a resulting trust based on the intention of the parties and the totality of the circumstances surrounding the conveyance. Whether or not the presumption in favor of a gift has been rebutted should be a question for a jury under proper instructions by the court. As pointed out by the court in *Ashbaugh,* supra, Code § 48-101 declares that to constitute a valid gift *"there shall be the intention to give* by the donor. . ." (Emphasis supplied.) A denial of such intention by the donor at the time of making the conveyance, together with subsequent acts and conduct, creates a genuine issue of a material fact sufficient to defeat a motion for summary judgment or directed. verdict.

The evidence in this case showed that the appellee husband furnished all the money from his personal funds; that he negotiated the actual purchase and agreed to the purchase price without consulting his wife; that he advised the brokers why he wanted the property in the name of his wife; that he exercised dominion and control over the property after the purchase. This evidence clearly presented questions of fact from which the jury

was authorized to find a resulting trust on the property in favor of the husband.

I am authorized to state that Chief Justice Nichols and Justice Hall join in this dissent.