## 34419. PERLING v. PERLING.

NICHOLS, Chief Justice.

The former wife's appeal from the final judgment and decree entered in these divorce proceedings relates alone to ownership of a diamond ring. The husband had sought recovery from the wife of three valuable rings. The jury awarded two of the rings to the wife and one to the husband. This court affirms.

1. The first four enumerations of error relate to the questions of whether or not the husband's counterclaim for the three pieces of jewelry should have been submitted to the jury and whether the evidence supports the verdict.

The wife insists that this case is controlled adversely to the husband by *Adderholt v. Adderholt,* 240 Ga. 626 (242 SE2d 11) (1978). See also *Hargrett v. Hargrett,* 242 Ga. 725 (251 SE2d 235) (1978). She contends that the only distinction between *Adderholt* and the present case is that *Adderholt* involved real property, whereas her case involves personalty. The husband contends that *Adderholt* is inapposite because title or ownership to the diamond ring never passed to the wife; rather, that he purchased the ring with his assets and continued to own it; and that she merely had a right to possess and to use it.

The husband's counterclaim was not tried on a theory that title to the jewelry had passed to the wife by gift or otherwise. He testified that he had not executed a bill of sale of the jewelry to her, had not given the jewelry to her and had paid no gift tax because there was no gift. He testified that he bought the jewelry with his own funds for investment purposes and that his wife merely had possession of it. The wife testified that she had had possession and use of the jewelry from the dates of its purchase, that there was no agreement between them for her to return the jewelry to him, and that the items of jewelry were gifts from him to her.

Since there was a material issue as to ownership of

the three pieces of jewelry, the trial court did not err in denying the wife's motion for partial directed verdict and in submitting the husband's counterclaim to the jury. *North Ga. Production Credit Assn. v. Vandergrift,* 239 Ga. 755 (1) (238 SE2d 869) (1977). The evidence supports the verdict. The first four enumerations of error are without merit.

2. The fifth, eighth, ninth, tenth, eleventh, twelfth, fourteenth and fifteenth enumerations of error relate to the husband's pleadings in the present case and in another divorce action between the parties that had been dismissed with prejudice to the wife upon the parties' reconciliation. The wife contends that his pleadings in the other action contain solemn admissions in judicio relating to the jewelry which are binding upon him and which he should not have been allowed to explain by his testimony in the present case.

The trial court allowed the husband's answer in the former divorce action to be read into evidence in this case and then allowed the husband to explain the alleged inconsistencies. The trial court did not err. The admissions about the jewelry contained in the husband's answer in the previous case were admissible against him in the present case. *Wheeler v. Friendly Motors,* 138 Ga. App. 260, 261 (226 SE2d 95) (1976). However, he was not estopped to deny the substance of those admissions and was entitled to explain in this case his answers in the previous case that had been dismissed. *Savannah, F. & W. R. Co. v. Pollard,* 116 Ga. 297 (1) (42 SE 525) (1902); *Field v. Manly,* 185 Ga. 464, 465 (195 SE 406) (1938); *Wise &c. Assoc., Inc. v. Rosser &c., Inc.,* 146 Ga. App. 789, 790-791 (247 SE2d 479) (1978).

3. The sixth enumeration of error, in which the wife contends that the trial court intimated an opinion as to the evidence, is without merit as no objection or motion for mistrial was made by the wife at the time of the statement by the trial court.

4. The seventh enumeration of error was expressly abandoned by the wife in her brief and the thirteenth enumeration of error is deemed to be abandoned. Rule 18 (c) (2). *Sparks v. Jackson,* 238 Ga. 599 (234 SE2d 514) (1977).

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 15, 1979 — DECIDED APRIL 24, 1979.

*Rich, Bass, Kidd, Witcher & Billington, Casper Rich, R. Hapkins Kidd,* for appellant.
*Arnall, Golden & Gregory, Timothy R. Askew, Jr., Ellis G. Arnall,* for appellee.