## ASHLEY vs. WILSON.

1. On a suit for damages for driving off tenants and otherwise injuring rented land, some of the rent being payable in cotton, evidence of the value of cotton at the time it was to be delivered, was admissible.
2. There was no error in allowing the documentary evidence to go out with the jury.
3. Where a mortgagee, who had foreclosed his mortgage, entered upon land under a mistake as to what were his rights, the mortgagor could only recover actual damages for the trespass.

Evidence. Practice in the Superior Court. Mortgage. Damages. Trespass. Before Judge GIBSON. Richmond Superior Court. October Term, 1877.

Mrs. Wilson sued Ashley for a trespass. The declaration alleged that she was the owner of certain land, and had rented it for the year 1876 to various named tenants for certain specified rent, a part of which was payable in cotton (describing the amounts); that the tenants were good and responsible ; that defendant entered on the land, drove off plaintiff's tenants, sought to put in tenants of his own, tore down fences, etc., and damaged plaintiff in the sum of $2,500.00.

Defendant pleaded the general issue.

On the trial the evidence showed, in brief, the following facts : Defendant did cause his agents to enter on plaintiff's land and remove certain fencing, etc.; also sent a message to one of the tenants that the latter had better leave, as he could not remain during the year ; also burned rails from the fences. Defendant's actions caused other tenants to leave. Defendant had a mortgage on the place, which had been foreclosed, and a sale under it was afterwards made in March. He wished to protect the premises and prepare them for rent, feeling certain that he would buy the land, when sold, and for that purpose he acted as he did. He also rented a part of the place, in January, but on taking legal advice, rescinded the contract, and informed the other parties that he could not rent until he bought at the sale.

Before making this contract he had referred the other parties to the husband of plaintiff, and had been informed that the latter refused to rent or have anything to do with it. Defendant thought he had a right to protect the property. When it was sold, however, plaintiff's son bid it in. Whether the moving of the fences, etc., was an injury or benefit, the evidence was conflicting. The amount of rent contracted for by the plaintiff and her tenants was shown, and the value of five bales of cotton (which formed a part of the rent) in the fall when deliverable.

The jury found for plaintiff $1,000.00. Defendant moved for a new trial, on the following grounds:

(1.) Because the court allowed a witness, R. B. Wilson, to testify that five bales of cotton, of 500 pounds each, (the amount to be paid by one of plaintiff's tenants,) would have been worth $10\frac{1}{2}$ to $13\frac{1}{4}$ cents per pound, in Augusta, in the fall, defendant's counsel objecting.

(2.) Because the documentary evidence in the case was handed to the jury along with the record by plaintiff's attorney, without the knowledge or consent of defendant's counsel.

(3.) Because the verdict was contrary to law and evidence.

The motion was overruled provided plaintiff would write off $500.00 from the verdict; and defendant excepted. Plaintiff joined in the exceptions because of the order to write off $500.00.

J. GANAHL, for plaintiff in error, cited (on excessive damages) Code, §§3065, 3066. Verdict contrary to evidence, Code, §§3713, 3717.

H. CLAY FOSTER; W. J. GARY; F. T. LOCKHART, for defendant, cited as follows: On writing off damages, 3 Strobhart, 425; 14 Richardson, 245. On Wilson's evidence, Sedgwick on Dam., (6 Ed.) 89, and note 4; *Ib.*, 99; Code, §§3073, 3071, 2944. Verdict right, 23 *Ga.*, 222; 10 *Ib.*, 37; Code, §2947.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the defendant to recover damages for an alleged trespass on certain described lands as set forth in the plaintiff's declaration. On the trial of the case, the jury found a verdict for the plaintiff for $1,000.00. A motion was made for a new trial on the grounds therein stated, which was granted unless the plaintiff would write off from the verdict the sum of $500.00, which the plaintiff did, and then the court overruled the motion for a new trial, whereupon the defendant excepted.

1, 2. There was no error in admitting the testimony of the witness that the five bales of cotton which Philpot was to give for the rent of the place would have been worth in the fall $10\frac{1}{2}$ to $13\frac{1}{4}$ cents per pound, in Augusta; nor in allowing the papers containing the documentary evidence, such as letters, written contracts, etc., to go out with the jury when they retired to make up their verdict.

3. It appears from the evidence in the record, that the defendant had a mortgage upon the lands on which the trespass is alleged to have been committed, which had been foreclosed, and that he entered thereon under a mistake as to what were his legal rights, therefore, he was only liable for such damages as were *actually* sustained by the plaintiff in consequence thereof. It was not a case for exemplary or vindictive damages. There is no more evidence in the record to support the verdict for $500.00, or anything like that amount, than there was to support the verdict for $1,000.00, and the overruling the defendant's motion for a new trial, upon the terms prescribed by the court, was error.

Let the judgment of the court below be reversed.