## HUDSPETH & WRIGHT v. MEARS.

1. The plaintiff having testified that the amounts contained in a certain paper were correct, and the paper then having been admitted in evidence by the court without having been submitted to defendant's counsel for inspection, and so far as appears no objection to its admission having been made at the time, it was not error, after the jury had retired to deliberate, to send the paper to them over objection then made that it had not been tendered to the opposite counsel for inspection.
2. There was no error in overruling the motion for a new trial.

July 10, 1893.                                                   *Judgment affirmed.*

Complaint on account. Before Judge JANES. Polk superior count. February term, 1892.

The suit was for a balance due for hauling logs and lumber. After verdict for the plaintiff, defendants' motion for a new trial was overruled. The only special ground of the motion was that shown by the first head-note.

I. F. THOMPSON and C. E. CARPENTER, for plaintiffs in error. No appearance *contra*.

---

## SMITH *et al.* v. HINES.

1. Where an executor held promissory notes due by another to the estate of the testator, which might, with proper diligence, have been collected, but destroyed the same " for the benefit of the debtor's children," who were grandchildren of the testator and nieces of the executor, his purpose, which he disclosed to the debtor, being to prevent a sale of the latter's property in satisfaction of the notes, to which the debtor consented, but neither received the notes nor made to the executor any promise or pledge whatever, no trust was raised in favor of the debtor's children, and he is not liable to them in an action for the value of the notes thus disposed of. This is so although the executor, after his discharge as such, gave to the debtor a receipt which falsely stated the payment in full of the notes to the executor.
2. There was no error in granting a nonsuit.        *Judgment affirmed.*

July 17, 1893.