*Joe K. Telford*, for appellant.
*Robert W. Lawson, Jr.*, for appellees.

## 63694. GLOVER et al. v. GROGAN.

CARLEY, Judge.

Plaintiff-appellee was involved in a collision between his vehicle and one which was owned by defendant-appellant Genuine Parts Company and which was being operated by defendant-appellant Glover, an employee of Genuine Parts. Appellee instituted an action for damages against both appellants. The jury returned a verdict in favor of appellee. It is from the judgment entered on this verdict that appellants appeal.

1. The case was submitted to the jury under instructions to return its verdict on a special verdict form. After beginning its deliberations, the jury returned to the courtroom to ask a question concerning how a finding of damages would be properly reflected on the special verdict form. In answering the jury's question, the trial court recharged generally on the principles of law applicable to damages. After the recharge, appellants objected, essentially on the ground that "it unduly emphasized the question of damages." Appellants' exception to the recharge was noted but no curative action was taken by the trial court. Appellants enumerate the recharge as error.

No contention is made that the recharge was incorrect as an abstract statement of applicable principles of law. The jury's question itself related implicitly to the general issue of damages which were being sought in the case and how an award of such damages would be indicated on the special verdict form provided for

that purpose. Our review of the recharge as given amply demonstrates that it was in total conformity with and responsive to the jury's question in this regard. See *Sheppard v. Broome,* 214 Ga. 659, 661 (4) (107 SE2d 219) (1959). Appellants make much of the fact that the jury did not request specific instruction on the issue of pain and suffering but the trial court, in response to the jury's inquiry, did specifically recharge on that principle. However, as noted above, the jury had requested clarification on the form of the verdict with reference to damages and clearly an implicit if not explicit element to be dealt with in recharging pursuant to that request would be pain and suffering. "It is the duty of the court to clarify a confused area by further charging the jury when called upon to do so by the jury. [Cit.]" *Williams v. State,* 146 Ga. App. 543, 544 (2) (246 SE2d 729) (1978). The recharge was not erroneous for any reason urged on appeal.

2. Error is enumerated upon the trial court's "permitting the complaint and answer of a prior suit, which [appellee] had voluntarily dismissed, to go to the jury . . ." It appears that this evidence was admitted without objection. Accordingly it was not error, to allow this evidence to "go to the jury." See *Ashley v. Wilson,* 61 Ga. 297 (2) (1878); *Hudspeth & Wright v. Mears,* 92 Ga. 525 (1) (17 SE 837) (1893).

Appellants' further enumeration of error attacking the charge to the jury "as to the impact of those pleadings on the issue of agency and scope of employment" presents nothing for review because the record fails to show that, at trial, appellants objected on this basis. Code Ann. § 70-207 (a).

3. Appellant-Genuine Parts enumerates as error the denial of its motion for a directed verdict. It is urged that the motion should have been granted because there was no evidence that appellant-Glover was acting within the scope of his employment at the time of the collision.

"The general rule of respondeat superior follows: When a servant causes an injury to another, the test to determine if the master is liable is whether or not the servant was at the time of the injury acting within the scope of his employment and on the business of the master. [Cits.] 'Where a vehicle is involved in a collision, and it is shown that the automobile is owned by a person, and that the operator of the vehicle is in the employment of that person, a presumption arises that the employee was in the scope of his employment at the time of the collision, and the burden is then on defendant employer to show otherwise.' [Cits.]" *Allen Kane's Major Dodge v. Barnes,* 243 Ga. 776, 777 (257 SE2d 186) (1979). "When the uncontradicted testimony of the defendant and/or the employee

shows that the employee was not acting within the scope of his employment at the time of the accident, the plaintiff must show, in addition to the facts which give rise to the presumption that he was in the course of his employment, some other fact which indicates the employee was acting within the scope of his employment. If this 'other fact' is *direct* evidence, that is sufficient for the case to go to a jury. However, when the other 'fact' is *circumstantial* evidence, it must be evidence sufficient to support a verdict . . ." *Allen Kane's Major Dodge,* 243 Ga. at 780, supra.

Appellant-Genuine Parts asserts that the presumption that appellant-Glover was in the scope of his employment at the time of the collision was overcome in the instant case by uncontroverted evidence to the contrary. Contending further that appellee failed to show "some other fact" which indicated appellant-Glover was in the course of his employment, appellant-Genuine Parts urges that its motion for directed verdict was erroneously denied.

In determining whether the evidence was sufficient to authorize the jury to find that appellant was acting within the scope of his employment, we must consider the answer which appellants filed in the original dismissed action and which, as noted in Division 2 above, was introduced into evidence in the trial of the instant case without objection. In that prior answer, appellants admitted the allegations of appellee's complaint to the effect that "[a]t all times during the pendency of the actions alleged in this complaint, the defendant, Marvin R. Glover, was an employee acting in the scope of his employment of Genuine Parts . . ." "The prior admissions of a party to an action may be offered in evidence . . . , and, if believed by the jury, may be considered as substantive evidence of the fact sought to be proved. [Cit.]" *W. T. Harvey Lumber Co. v. J. M. Wells Lumber Co.,* 104 Ga. App. 498 (2) (122 SE2d 143) (1961). "Admissions contained in an answer filed by the party in another case are competent evidence against him. [Cit.] . . . [T]hey [should not] be limited in effect merely to discrediting the testimony of the opposite party, but they may be considered as having a substantive probative value. [Cit.]" *State Farm Mut. Auto. Ins. Co. v. Kendall,* 104 Ga. App. 481, 486 (122 SE2d 139) (1961). "The admissions . . . contained in the . . . previous case were admissible against [the defendants] in the present case. [Cit.] However, [they were] not estopped to deny the substance of those admissions and [were] entitled to explain in this case [their] answers in the previous case that had been dismissed. [Cits.]" *Perling v. Perling,* 243 Ga. 557, 558 (255 SE2d 53) (1979). This admission by appellants in the dismissed action that appellant-Glover was acting in the scope of his employment at the time of the collision was a sufficient "other fact" to preclude the grant

of a directed verdict in the instant case.

4. As has been noted in Division 3 above, "[i]t is a recognized principle under Georgia law that when an employee is involved in a collision, while operating his employer's vehicle, a presumption arises that he is acting within the scope of his employment. [Cit.]" *International Business Machines v. Bozardt,* 156 Ga. App. 794 (275 SE2d 376) (1980). A charge on this presumption was given in the instant case. In the trial court and on appeal, appellants essentially except to this charge on the basis that it "erroneously" stated that in the event the presumption arose, the burden then shifted to the defendants to show otherwise. Appellants' argument is without merit. "Once this presumption arises the burden then shifts to the employer 'to rebut the presumption by evidence that is "clear, positive and uncontradicted" and that shows the servant was not in the scope of his employment.' [Cit.]" *International Business Machines,* 156 Ga. App. at 795, supra.

It appears that appellants' argument is ultimately premised upon a contention that the charge given on the presumption was erroneous insofar as it failed to further instruct the jury that the presumption "may, unless supported and corroborated by other evidence, be overcome by uncontradicted evidence." *F. E. Fortenberry & Sons v. Malmberg,* 97 Ga. App. 162, 165 (102 SE2d 667) (1958). " 'As has many times been ruled, a charge which is not only abstractly correct but adjusted to one of the issues in a case can not be held erroneous simply because the court did not, in the same connection, give another pertinent instruction presenting the theory insisted on by the complaining party.' " *Associated Cab Co. v. Byars,* 92 Ga. App. 73, 74 (88 SE2d 329) (1955). Accordingly, we find no error in the charge on the presumption for any reason asserted on appeal.

5. At the time of the collision, appellee, in violation of Code Ann. § 56-3403b, had not secured minimum no fault insurance coverage. Accordingly, he was precluded from a recovery in the instant action of "those damages for which compensation [might have been] available for [no fault] economic loss under [Code Ann. § 56-3403b (b).]." Code Ann. § 56-3410b (b). See generally *Davidson v. Bradford,* 245 Ga. 8 (262 SE2d 780) (1980). The verdict returned by the jury awarded appellee, in addition to pain and suffering and property damage, medical expenses in the amount of $207 and past lost earnings in the amount of $4,000. Ostensibly in recognition of the fact that Code Ann. § 56-3410b (b) was a preclusion on appellee's recovery of basic no fault economic losses, the trial court wrote off the entire $207 in medical expenses and $2,500 of the $4,000 in past lost earnings from the verdict and entered judgment on the reduced amount. Appellants made a motion to correct the judgment, arguing that the entire $4,000

in past lost earnings awarded by the jury should be written off the verdict, for a total write-off in the amount of $4,207. The trial court denied appellants' motion in an order "specifically find[ing] that the aggregate maximum limit of $5,000.00 per injured person, pursuant to Section 56-3403b has a maximum limit of $2,500.00 for loss of income or earnings during disability and a maximum limit of $2,500.00 for necessary medical expenses arising from a motor vehicle accident and any sum not so expended for medical expenses cannot be transferred to loss of earnings or income to reach the aggregate minimum limit of $5,000.00 as provided under Section 56-3403b." Appellants enumerate as error the refusal of the trial court to write off $4,207 from the verdict.

Code Ann. § 56-3403b (b) requires, in its relevant parts, that an automobile owner secure insurance coverage providing, at a minimum, "compensation to insured injured persons, without regard to fault, up to an aggregate minimum limit of $5,000 per insured injured for: (1) all necessary medical expenses not to exceed $2,500 . . ., and (2) 85 per cent of the loss of income on earnings during disability with a maximum benefit of $200 per week . . ." The trial court interpreted this statute as establishing a $2,500 maximum and non-aggregable limit on the recovery of no fault economic benefits for *both* medical expenses and loss of earnings. This interpretation is erroneous.

Code Ann. § 56-3403b (b) establishes $5,000 as the "aggregate minimum limit" for total no fault economic benefits. Of this "aggregate minimum limit" on no fault economic benefits, the statute provides an internal limit on the medical expenses component not to exceed $2,500. However, with regard to the loss of income component, "the limit . . . is as to the total amount which can be collected per week, but there is no limitation on the number of weeks you can collect such loss of income, except for the $5,000 limitation on the aggregate benefits." *Ga. Farm Bureau Mut. Ins. Co. v. Nelson,* 153 Ga. App. 623, 629 (266 SE2d 299) (1980). Thus, medical expenses and lost income are component elements of an "aggregate minimum limit" of total benefits not to exceed $5,000 and there is no limitation on the recovery of lost income benefits except for that $5,000 "aggregate minimum limit." When the $207 verdict for medical expenses (which is within the internal statutory $2,500 limit set on that benefit component) is "aggregated" with the $4,000 verdict in lost income (a no-fault recovery of which is limited only by the $5,000 limitation on total aggregate benefits), the resulting amount of $4,207, is within the $5,000 limit on total aggregate benefits and no representative element of that amount is in excess of the maximum allowable statutory recovery therefor. See *Nelson,*

supra. It follows that the trial court erred in failing to write off $4,207 from the verdict in the instant case.

6. No other error of law appearing in the case, other than that discussed in Division 5 above, it is directed that a final judgment in favor of appellee be entered which reflects a write-off from the jury verdict in the amount of $4,207. See *Hines v. Good Housekeeping Shop,* 161 Ga. App. 318 (291 SE2d 238) (1982).

*Judgment affirmed with direction. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED JUNE 17, 1982 —
REHEARING DENIED JUNE 30, 1982 — ▮▮▮▮▮▮▮▮

*Richard B. Eason, Jr., Duane B. Jackson, Carolyn J. Kennedy, Noel Benedict,* for appellants.

*Roy E. Barnes,* for appellee.

