### 69015. MULHERIN v. GLOBE OIL COMPANY.
#### (328 SE2d 406)

McMurray, Presiding Judge.

Plaintiff, Nora Mulherin, brought suit against Globe Oil Company, d/b/a Starvin Marvin, in the State Court of Chatham County. In her complaint plaintiff alleged that she was a part-time employee of defendant until her employment was terminated by defendant on December 2, 1982; that she was told by her supervisor, Marlin Boone, that she was terminated because defendant was no longer interested in using part-time help; that a few days later one of her co-workers was informed by Boone that plaintiff was terminated because defendant received an anonymous letter accusing plaintiff of being a thief; that by so informing the co-worker, defendant orally published a libel against plaintiff; and that the publication of the libel caused plaintiff to be damaged. Defendant answered the complaint and denied the material allegations set forth therein.

Following discovery, defendant moved for summary judgment. The motion was supported by the affidavits of Steve Swadener and Jeffery Thomas Stanton, the defendant's Savannah area supervisor and its zone manager, respectively. In their affidavits, Swadener and Stanton averred that defendant never received any correspondence concerning plaintiff and that Marlin Boone was not directed or authorized by defendant to make any statement concerning the release or dismissal of plaintiff. Opposing defendant's summary judgment motion, plaintiff submitted the affidavit of Cathy Maddox, plaintiff's former co-worker. In her affidavit, Maddox stated that she spoke with plaintiff after plaintiff was terminated; that plaintiff informed her that all part-time employees of defendant were to be dismissed; that she was concerned about the possibility of losing her part-time job, and therefore, she telephonically contacted Marlin Boone; that Boone told her part-time employees were not being terminated and he would explain the reason for plaintiff's dismissal when Maddox came to work; that when she went to work, Boone told Maddox that plaintiff was terminated because "the home office had received a letter from some unidentifiable person stating that Nora Mulherin and her brother were stealing and embezzling money from the company . . ."

Determining that defendant was entitled to judgment as a matter of law, the trial court granted defendant's motion for summary judgment. Plaintiff appealed. *Held*:

1. "A corporation is not liable for damages resulting from the speaking of false, malicious, or defamatory words by one of its agents, even where in uttering such words the speaker was acting for the benefit of the corporation and within the scope of the duties of his agency, unless it affirmatively appears that the agent was expressly directed or authorized by the corporation to speak the words in ques-

tion." *Behre v. Nat. Cash Register Co.*, 100 Ga. 213 (1) (27 SE 986). "That is to say, as regards slander, a corporation is not liable for the slanderous utterances of an agent acting within the scope of his employment, unless it affirmatively appears that the agent was expressly directed or authorized to slander the plaintiff." *Garren v. Southland Corp.*, 237 Ga. 484, 485 (228 SE2d 870). As regards libel, on the other hand, the rule is otherwise: "[T]he usual rules of respondeat superior (the principal is liable for the torts of his employee committed while acting within the scope of his employment) are applicable in libel cases." *Garren v. Southland Corp.*, 237 Ga. 484, 485, supra. Thus, there is no requirement that the agent be expressly authorized or directed by his principal to publish the libel. *Garren v. Southland Corp.*, 237 Ga. 484, supra; *Ozborn v. H. G. & F. M. Woolworth*, 106 Ga. 459, 460 (32 SE 581).

In the case sub judice, defendant demonstrated that it did not expressly authorize or direct Boone to discuss the reasons for the dismissal of plaintiff with other employees. Thus, plaintiff must show that she was libelled (not merely slandered) in order to defeat defendant's summary judgment motion. *Garren v. Southland Corp.*, 237 Ga. 484, supra.

2. Defendant contends it is entitled to judgment as a matter of law on the question of libel vel non because plaintiff failed to produce any probative evidence demonstrating the existence of a defamatory writing. We cannot agree.

An "admission" is an out-of-court statement which is inconsistent with the contentions of a party. *Seaboard Coast Line R. Co. v. Duncan*, 123 Ga. App. 479, 480 (1) (181 SE2d 535). Such an admission is positive or substantive evidence of the facts sought to be proved. *Glover v. Grogan*, 162 Ga. App. 768, 770 (3) (292 SE2d 465); *Seaboard Coast Line R. Co. v. Duncan*, 123 Ga. App. 479, supra. Of course, in the case sub judice, the party to the lawsuit is Globe Oil Company, plaintiff's employer, and the inconsistent out-of-court statement was made by Marlin Boone, plaintiff's supervisor. Nevertheless, the out-of-court statement of Boone is admissible against defendant and it constitutes probative evidence. *Timeplan Loan & Investment Corp. v. Moorehead*, 221 Ga. 648, 650 (1) (146 SE2d 748); *White v. Front Page, Inc.*, 133 Ga. App. 749 (213 SE2d 32). Boone was defendant's agent and his out-of-court statement concerning the defamatory letter was a part of the res gestae of the transaction in controversy. Hence, the statement is substantive evidence of the existence of the letter. *Timeplan Loan & Investment Corp. v. Moorehead*, 221 Ga. 648, supra; *Baker v. Lowe Elec. Co.*, 47 Ga. App. 259 (2, 3) (170 SE 337); OCGA § 10-6-64.

3. There are issues of fact as to whether or not (1) defendant received the defamatory letter and (2) defendant's agent orally pub-

lished the letter (see in this regard *Sigmon v. Womack*, 158 Ga. App. 47 (279 SE2d 254)). Accordingly, the trial court erred in granting defendant's motion for summary judgment.

*Judgment reversed. Deen, P. J., concurs. Sognier, J., concurs in the judgment only.*

DECIDED MARCH 12, 1985.

*Robert M. Ray, Jr.,* for appellant.
*Bobby T. Jones, Van Reynolds,* for appellee.