72945. CHAMBERS v. GAP STORES, INC.
(348 SE2d 592)

SOGNIER, Judge.

Sandra Chambers brought suit against the Gap Stores, Inc., seeking damages for alleged slanderous or defamatory statements made about her by employees of the Gap. The trial court granted the Gap's motion for summary judgment and Chambers appeals.

Appellant contends questions of fact exist as to appellee's liability for remarks allegedly made by several employees of appellee imputing to appellant various crimes punishable by law. The employees in question submitted affidavits which, in addition to denying the utterance of the alleged statements, asserted that at no time were they authorized by appellee to make the defamatory or opprobrious remarks which are the subject of this litigation. It is well established as a matter of Georgia law that " 'a corporation is not liable for the slanderous utterances of an agent acting within the scope of his employment, unless it affirmatively appears that the agent was expressly directed or authorized to slander the plaintiff. [Cit.]' [Cits.]" *Anderson v. Housing Auth. of Atlanta*, 171 Ga. App. 841, 843 (2) (321 SE2d 378) (1984). See also *Life Chiropractic College v. Fuchs*, 176 Ga. App. 606, 609 (5) (337 SE2d 45) (1985). Appellant's statement in her affidavit that she "believes" the utterances allegedly made by appellee's employees were made with appellee's approval presents nothing of

probative value for consideration on motion for summary judgment. OCGA § 9-11-56 (e); see generally *Freeman v. Pumpco*, 167 Ga. App. 312, 313 (306 SE2d 385) (1983). Therefore, the trial court correctly granted summary judgment to appellee. See generally *Mewbourn v. Harris*, 162 Ga. App. 102, 103 (290 SE2d 315) (1982).

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED SEPTEMBER 5, 1986.

R. David Ware, for appellant.
*Michael G. Frick, Brynda S. Rodriguez*, for appellee.