74309. GIBSON v. WINN-DIXIE ATLANTA, INC.
(358 SE2d 320)

SOGNIER, Judge.

Mark Gibson, by next friend Donald Gibson, appeals from the trial court's order granting the motion for summary judgment made by Winn-Dixie Atlanta, Inc. and denying his motion for summary judgment.

1. The record reveals that the trial court, in its May 13, 1985 order denying appellant's motion to enter default judgment against appellee, found that appellee was substituted by the parties for the corporate defendant originally named in the complaint, Winn-Dixie Stores, Inc., appellee's parent corporation. No appeal was taken from this order. Appellee was thus the sole corporate defendant in the motions for summary judgment made by the parties and the order on those motions, the subject of this appeal, names appellee as the sole corporate defendant. Thus, we find no merit in appellant's arguments concerning the status of appellee's parent corporation, as the record reveals that corporation is not a party to this litigation.

2. Appellant contends the trial court erred by granting summary

judgment to appellee and denying his motion for summary judgment. The record reveals that appellant was fired from his job at J. C. Penney for stealing merchandise. It is uncontroverted that appellant then lied about this episode in his work history when he filled out appellee's employment application forms. Appellant had no oral or written contract of employment with appellee and when appellee discovered the discrepancy in appellant's application forms, it terminated appellant's employment within appellant's ninety-day probationary period. However, appellee's manager, Bruce Vaughn, stated in his affidavit that in order to spare appellant and his parents any embarrassment, he told appellant he was being laid off due to lack of business. Appellant obtained other employment within three days after leaving appellee but stopped by subsequently to ask appellee's store supervisor, Wayne Deriso, why he was terminated. Deriso told appellant there was something in appellant's background that indicated he was not the type of employee appellee was looking for. Subsequently, appellant testified in his deposition that an acquaintance of his who still worked for appellee informed him that David Ellis, appellee's junior assistant manager at the store in question, stated appellant was fired for stealing. Appellant thereupon brought the instant suit against appellee and three non-parties to this appeal, Vaughn, Deriso and Ellis, alleging, inter alia, (a) wrongful discharge, (b) communication of a false reason to appellant for his termination, and (c) defamation.

We affirm the trial court's grant of summary judgment to appellee and the denial of summary judgment to appellant. (a) It is axiomatic that appellant has no cause of action against appellee for the alleged wrongful termination in light of the uncontroverted evidence that there was no employment contract, either written or oral, between the parties. *Georgia Power Co. v. Busbin*, 242 Ga. 612 (250 SE2d 442) (1978). (b) We need not address appellee's argument that Georgia does not recognize a cause of action for communicating a false reason to an employee for termination since assuming, arguendo, such a cause of action exists, appellant has failed to show harm resulting from this false communication. It is uncontroverted appellant was employed within three days after leaving appellee by virtue of a previously extended job offer and has subsequently worked for two competitors of appellee's. Further, there is no evidence that appellant will suffer any future harm in view of the unrebutted affidavit submitted by appellee's manager that when asked for a reference check, consistent with appellee's policy they would verify only appellant's salary and dates of employment. "[I]t is hornbook law that an action in tort requires one to allege a duty, a breach of that duty, *and damages proximately flowing from that breach*." (Emphasis supplied.) *Green Property Corp. v. O'Callaghan, Saunders &c.*, 177 Ga. App. 686, 687 (1) (340 SE2d 652) (1986). (c) As to appellant's defamation allegation,

appellant has failed to rebut the affidavit submitted by Ellis that neither the store manager nor anyone else connected with appellee authorized him to make any statements to anyone about appellant's termination. Thus, in the absence of affirmative evidence that Ellis, as the agent of appellee, was expressly authorized by appellee to speak the defamatory words, appellee is not liable for any damages resulting therefrom. *Garren v. Southland Corp.*, 237 Ga. 484, 485 (228 SE2d 870) (1976).

Our review of the remaining allegations in appellant's complaint reveals either an absence of legally cognizable causes of action under the facts sub judice or an absence of any genuine issue of material fact concerning those allegations.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED JUNE 3, 1987.

*James W. Bradley*, for appellant.
*Robert O. Sands*, for appellee.