A89A2091. CHURCH OF GOD, INC. v. SHAW.
(391 SE2d 666)

BEASLEY, Judge.

Shaw sued the Church of God, Inc., and Hunter, one of its exhorters, for slander. The church's motion for summary judgment was denied in a full and helpful order setting out the material undisputed facts, facts deemed to be in dispute, and legal principles relied on.

For purposes of this appeal, the church concedes that Hunter was its agent. The appeal is directed at the court's finding that summary judgment should be denied because of material factual issues concerning whether the church's teachings equaled the required express order and direction of the statement and also whether there had been ratification of Hunter's slander.

1. " 'A corporation will not be liable for any slander uttered by an officer, even though he be acting honestly for the benefit of the company and within the scope of his duties, unless it can be proved that the corporation expressly ordered and directed that officer to say those very words: for a slander is the voluntary and tortious act of the

speaker.' [Cits.] 'As a corporation can act only by or through its agents, and as there can be no agency to slander, it follows that a corporation cannot be guilty of slander; it has not the capacity for committing that wrong. If an officer or an agent be guilty of slander, he is personally liable, and no liability results to the corporation.' [Cits.]" *Behre v. Nat. Cash Register Co.*, 100 Ga. 213, 214 (1) (27 SE 986) (1897); *Ga. Power v. Busbin*, 242 Ga. 612, 615 (4) (250 SE2d 442) (1978); *Gibson v. Winn-Dixie Atlanta*, 183 Ga. App. 192, 194 (2) (358 SE2d 320) (1987); *Chambers v. Gap Stores*, 180 Ga. App. 233 (348 SE2d 592) (1986); *Life Chiropractic College v. Fuchs*, 176 Ga. App. 606, 609 (5) (337 SE2d 45) (1985); *Mulherin v. Globe Oil Co.*, 173 Ga. App. 790 (1) (328 SE2d 406) (1985); *Burrow v. K-Mart*, 166 Ga. App. 284, 286 (1) (304 SE2d 460) (1983); *Swift v. S. S. Kresge Co.*, 159 Ga. App. 571, 572 (2) (284 SE2d 74) (1981); cf. *Garren v. Southland Corp.*, 237 Ga. 484 (228 SE2d 870) (1976).

There was evidence that Hunter was not expressly ordered and directed to make the statement that Shaw was a lesbian; there was no evidence to the contrary. The fact that the church condemned homosexuality as sinful and provided for mandatory disfellowshipping of a minister and for the consideration of disfellowshipping of a member found to be homosexual does not amount to the express order and direction required.

2. The court concluded that there was a material factual question as to whether the church had "ratified" the slanderous statement.

As evidenced by the cases cited above, a corporation lacks the capacity to commit slander and, absent evidence that the corporation expressly directed the saying of the slanderous words, only the sayer of them can be held responsible. This differs from the rule regarding libel, which is that a corporation may commit libel under the usual rules of respondeat superior. *Garren*, supra at 485; *Mulherin*, supra at 791.

The cases relied upon by the court regarding "ratification" dealt with acts which were non-tortious and therefore covered by OCGA § 10-6-52. Tortious acts are covered by OCGA §§ 10-6-61 and 51-2-2. Section 51-2-2 is not applicable under *Behre* and the cases which follow, because in this state a corporation may only be liable for slander expressly ordered or directed. Likewise, *Behre* limits the operation of OCGA § 10-6-61, by making the corporation responsible in slander situations only for those words spoken "by [the corporation's] command."

Shaw relies on dicta in *Gilbert v. Crystal Fountain Lodge*, 80 Ga. 284, 286 (4 SE 905) (1887) for her position that because a partnership could ratify slander, so could a corporation. That proposition was disapproved in *Ozborn v. Woolworth*, 106 Ga. 459, 460 (32 SE 581) (1898), which reiterated *Behre* regarding corporate slander.

A further impediment to Shaw's ratification argument is the lack of any evidence that the church ratified the statements after becom-

ing aware of them. The only offer is Shaw's affidavit. It states that after she told Overseer Jones in March 1988 of these statements, "[t]o the best of my knowledge, the Church of God, Inc. allowed their licensed exhorter to continue his tortious conduct." Nothing in the depositions supports this, leaving plaintiff with nothing of probative value for the summary judgment motion. *Dickson v. Dickson*, 238 Ga. 672, 674 (4) (235 SE2d 479) (1977); *Chambers v. Gap Stores*, 180 Ga. App. 233, 234, supra.

*Judgment reversed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 15, 1990 —
REHEARING DENIED MARCH 5, 1990 —

*Wiley S. Obenshain III, N. Staten Bitting, Jr.*, for appellant.
*Samuel A. Fowler, Jr., Robert H. Cofer II, Leonard O. Tuggle*, for appellee.