A96A2481. RAY v. AMERICAN LEGION AUXILIARY.
(481 SE2d 266)

BLACKBURN, Judge.

Joyce Ray appeals from the trial court's grant of summary judgment in favor of American Legion Auxiliary (Auxiliary) in her defamation suit. Ray alleges that at the Auxiliary's statewide convention in 1992, she was slandered by two individual Auxiliary members, Frances Allen and Lell Young.[1] At the time of the incident, Ray was both an Auxiliary member and president of a local Auxiliary chapter. Following the meeting at which Ray alleges she was slandered, she was banned from membership in the Auxiliary, and the charter for the chapter of which she was president was revoked. For the reasons set forth below, the trial court did not err in granting summary judgment to the Auxiliary.

To prevail on a motion for summary judgment, "the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c)." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). The evidence viewed in the light most favorable to Ray is that in

---

[1] Allen and Young also moved for summary judgment, which the trial court denied. These two parties have not appealed from that judgment.

1991, while she was president, her Auxiliary chapter, unit 216, began experiencing financial difficulties. According to Ray, when unit 216's taxes went into arrears, she sold unit property and cashed out the unit's bank account in order to satisfy the tax obligation. Ray conceded that when she sold the unit's property, she did so without permission.

Disputes soon arose in the unit regarding its future and Ray's leadership, and as a result of the turmoil which ensued, the Auxiliary received a written request from a companion organization, the American Legion, to revoke the unit's charter. Consequently, at the Auxiliary's statewide convention, Ray and unit 216 were discussed at a department executive committee meeting. Ray alleges that at this meeting, which she did not attend, Allen slandered her by stating that Ray had "done away with" $32,000 of unit money which could not be accounted for, and that Young slandered her by calling her a "troublemaker" who took property. Ray argues that the Auxiliary is liable for these allegedly slanderous comments because, when the comments were made, Allen and Young were statewide Auxiliary officers.

"A corporation will not be liable for any slander uttered by an officer, even though he be acting honestly for the benefit of the company and within the scope of his duties, unless it can be proved that the corporation expressly ordered and directed that officer to say those very words: for a slander is the voluntary and tortious act of the speaker. As a corporation can act only by or through its agents, and as there can be no agency to slander, it follows that a corporation cannot be guilty of slander; it has not the capacity for committing that wrong. If an officer or an agent be guilty of slander, he is personally liable, and no liability results to the corporation." (Citations and punctuation omitted.) *Yarbray v. Southern Bell Tel. &c. Co.*, 197 Ga. App. 846, 851 (3) (399 SE2d 718) (1990), aff'd in part and rev'd in part on other grounds, 261 Ga. 703 (409 SE2d 835) (1991). It is undisputed that the Auxiliary is a corporation.

In support of its motion for summary judgment, the Auxiliary presented the affidavits of Allen and Young. Both women denied making the statements attributed to them and swore that they were not authorized, directed, or required by the Auxiliary to make any slanderous or defamatory remarks about Ray. The affidavit of Lula Smith, the Auxiliary president, was also presented in support of the motion, and Smith also denied that Allen and Young made the statements attributed to them. Smith swore that neither she nor any other agent of the Auxiliary authorized, directed, or required Allen and Young to make any slanderous remarks concerning Ray.

In response to these affidavits, Ray pointed to no evidence that the Auxiliary expressly directed Allen and Young to slander her, as

she was required to do under the standard of *Lau's Corp.*, supra. Although Ray argues that the Auxiliary must have directed Allen's and Young's actions because the statements were made at a corporate meeting, in light of the uncontradicted affidavit testimony to the contrary, this supposition is insufficient to give rise to a genuine issue of material fact. See *Chambers v. Gap Stores*, 180 Ga. App. 233, 234 (348 SE2d 592) (1986) (appellant's "belief" that corporation approved allegedly slanderous statements made by its agents "presents nothing of probative value for consideration on motion for summary judgment"). Furthermore, Ray's argument is also insufficient as a matter of law under *Yarbray*, supra. Accordingly, the trial court did not err in granting summary judgment to the Auxiliary.

Ray also argues that she is entitled to damages from the Auxiliary because by banning her from membership and canceling the charter of unit 216, the Auxiliary ratified the alleged slander of Allen and Young. Although we need not consider this argument because Ray failed to separately enumerate it as error, see *American Honda Motor Co. v. Williams & Assoc.*, 208 Ga. App. 636, 637-638 (431 SE2d 437) (1993), this assertion does not require reversal of the grant of summary judgment. The most recent case addressing the issue of corporate ratification of slander after the slander is spoken is *Church of God v. Shaw*, 194 Ga. App. 694, 695-696 (391 SE2d 666) (1990). However, *Shaw* provides no support for Ray's position, as it rejects the legal efficacy of corporate liability for slander by ratification. Additionally, some authority exists for the proposition that discharge in the wake of alleged slander, as occurred here when Ray was banned from membership, fails to create an issue of fact regarding corporate ratification of slander. Cf. *White v. Cudahy Co.*, 130 Ga. App. 64, 65 (1) (202 SE2d 233) (1973) ("[t]he fact that plaintiff was discharged from her employment [by her employer] because of the alleged slander . . . does not create an issue of fact as to ratification by the corporation of the slander").

Finally, applying the analysis of *Shaw*, supra, and reviewing the facts supporting Ray's claim of ratification, Ray has failed to show that a genuine issue of material fact exists as to the Auxiliary's ratification of the alleged slander. The motions made and passed at the Auxiliary's meeting did not adopt, contain, or refer to the alleged slander, and the motions standing alone were neither slanderous nor ratification of slander as a matter of law. Therefore, even assuming it is possible to hold a corporation liable for ratification of slander, Ray has failed to show that she is entitled to relief on this ground.

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 11, 1997.

*Sidney L. Storesund*, for appellant.
*Parkerson, Shelfer & Groff, William S. Shelfer, Jr.*, for appellee.

