## A97A0801. ZIELINSKI v. CLOROX COMPANY et al.

(490 SE2d 448)

POPE, Presiding Judge.

Plaintiff Gary Zielinski sued his former employer, defendant Clorox Company, and one of its plant supervisors, defendant Castleberry, for false light invasion of privacy after Castleberry made statements at an all-plant meeting allegedly implicating plaintiff in a criminal scheme to defraud Clorox. Plaintiff also sued Castleberry for tortious interference with plaintiff's employment relationship after Castleberry subsequently recommended to Clorox's upper management that plaintiff be fired.[1] At trial, the court directed verdicts in favor of Clorox on the invasion of privacy claim and in favor of Castleberry on the tortious interference claim. It then submitted the invasion of privacy claim against Castleberry to the jury, which returned a defense verdict. Contending that the trial court committed reversible error, plaintiff appeals from both the directed verdicts and the jury's verdict.

1. In his first enumeration, plaintiff argues that the trial court committed reversible error when it prevented plaintiff from introducing into evidence the transcript of a meeting between Castleberry, two other Clorox management employees involved in the investigation of the purported scheme to defraud the company, and Clorox's corporate counsel, which occurred prior to the all-plant meeting. Specifically, plaintiff claims that the transcript should have been admitted because it contained statements made by Castleberry that impeached his testimony at trial that he had never stated to anyone that he thought plaintiff was implicated in the criminal scheme. We disagree.

It is undisputed that the statements at issue were made by Castleberry to management and corporate counsel in furtherance of Clorox's internal investigation of the criminal activity and thus were made directly to those with a need to know. As such, due to Castleberry's position as a plant supervisor, the statements were made in the performance of a private duty Castleberry owed to Clorox and were privileged, unless made in bad faith. OCGA § 51-5-7 (2); *Haezebrouck v. State Farm &c. Ins. Co.*, 216 Ga. App. 809, 813 (4) (455 SE2d 842) (1995). Upon review, we find no record evidence of bad faith on Castleberry's part in making any statements concerning his beliefs or suspicions at this meeting.

---

[1] Plaintiff's complaint also set forth several other claims against Clorox and Castleberry. Such claims, however, were summarily dismissed by the trial court whose actions were affirmed by this Court in a previous appeal. *Zielinski v. Clorox Co.*, 215 Ga. App. 97 (450 SE2d 222) (1994). Additionally, plaintiff set forth several claims against another Clorox employee, Lora Cecere, but these claims are not at issue in this appeal.

We also find no merit to plaintiff's contention that any privilege was waived when Clorox turned the transcript of Castleberry's meeting with management and corporate counsel over to the district attorney's office. The dissemination of such information by Clorox cannot be deemed to have waived a privilege belonging to Castleberry. Moreover, in the absence of bad faith, Clorox's dissemination of such information in furtherance of a criminal investigation also was privileged. OCGA § 51-5-7; *Zielinski v. Clorox Co.*, 215 Ga. App. at 101 (4).

2. In his second enumeration, plaintiff contends that the trial court's charge to the jury, wherein it directed the jury to return a defense verdict in favor of Castleberry regarding plaintiff's false light claim if it found Castleberry's statements at the all-plant meeting were not the proximate cause of plaintiff's injuries, constituted a substantial error which was harmful as a matter of law. We agree. In essence, the above instruction limited the jury's consideration of damages that might be awarded on plaintiff's false light claim against Castleberry to those plaintiff could prove were actually caused by Castleberry's statements, or in other words, special damages. See OCGA § 51-12-2 (b). As in cases of slander per se, however, cases involving claims of false light invasion of privacy, especially those based on the imputation of criminal activity to another, by their very nature involve injury to feelings, sensibilities or reputation and, as such, do not require any proof of special damages. OCGA § 51-5-4 (a) (1) and (b); *Flanders v. Daley*, 124 Ga. 714, 715-717 (52 SE 687) (1906); *Cabaniss v. Hipsley*, 114 Ga. App. 367, 378 (4) (151 SE2d 496) (1966). And in such cases, general damages, which are presumed in law, are recoverable. Id.; OCGA § 51-12-2 (a).

Because the abovementioned charge logically could lead a jury to believe that they could not award any damages to plaintiff on his false light claim against Castleberry unless special damages were proved, the charge was harmful as a matter of law. *Flanders*, 124 Ga. at 717. Accordingly, plaintiff is entitled to a new trial regarding his invasion of privacy claim against Castleberry.

3. In light of our holding in Division 2, and because the situation is unlikely to arise again upon retrial, we need not address plaintiff's third enumeration of error, wherein he claims he is entitled to a new trial on his false light claim against Castleberry based on the trial court's failure to adequately recharge the jury in response to a jury question involving that claim.

4. In his fourth enumeration, plaintiff contends the trial court committed reversible error in directing a verdict in favor of Clorox regarding plaintiff's false light invasion of privacy claim. We disagree. A directed verdict is proper only when "there is no conflict in the evidence as to any material issue and the evidence introduced,

with all reasonable deductions therefrom, shall demand a particular verdict. . . ." OCGA § 9-11-50 (a). Here, a review of the record evidence shows that the false light claim against Clorox was premised on slanderous utterances Castleberry allegedly made at the all-plant meeting as Clorox's agent. A corporation, however, cannot be held liable for any slanderous utterances made by one of its agents, even if the agent was acting honestly for the benefit of the company and within the scope of his duties at the time the utterance was made, unless the plaintiff can prove that the corporation expressly ordered and directed the agent to say the very words in question. *WMH, Inc. v. Thomas*, 260 Ga. 654, 656 (398 SE2d 196) (1991); *Church of God v. Shaw*, 194 Ga. App. 694, 695 (391 SE2d 666) (1990). And in this case, the record shows that plaintiff failed to meet the abovementioned burden at trial. Thus, the directed verdict in favor of Clorox on the false light claim was proper.

5. In his last enumeration of error, plaintiff contends the trial court improperly granted a directed verdict to Castleberry on plaintiff's tortious interference claim. We agree. The evidence presented at trial construed most favorably to plaintiff as the party opposing the motion for directed verdict showed that Castleberry did not have the authority to terminate plaintiff on his own and therefore was not immune from liability for tortious interference. *Favors v. Alco Mfg. Co.*, 186 Ga. App. 480, 484 (4) (367 SE2d 328) (1988). Additionally, the evidence showed that even though he supposedly believed plaintiff was not involved in any criminal activity or scheme to defraud Clorox, Castleberry nonetheless went to his superiors and requested plaintiff's termination after the illegal scheme was discovered. While he explained at trial that he did so for performance-based reasons, the jury could have discredited this explanation in light of plaintiff's recent favorable performance evaluations and Castleberry's own recent recommendation of plaintiff for promotion. The jury also could have concluded that Castleberry's efforts to have plaintiff terminated were both improper and malicious because the jury could have concluded from the evidence that such efforts were motivated by Castleberry's desire to save his own job, as demonstrated by his statement to one witness that his job was on the line and that he was not going to take the fall for the criminal scheme.

Accordingly, based on the above, as well as plaintiff's termination shortly after Castleberry's meeting with his superiors at Clorox, there clearly was some evidence from which the jury could have found each of the requisite elements of plaintiff's tortious interference claim against Castleberry. See *Green v. Johnston Realty*, 212 Ga. App. 656, 659 (4) (442 SE2d 843) (1994); *Favors*, 186 Ga. App. at 484 (4). Consequently, there were material issues to be resolved by the jury regarding that claim. Thus, the trial court's directed verdict in

favor of Castleberry as to plaintiff's tortious interference with contract claim was improper, and plaintiff is entitled to a new trial concerning that claim.

*Judgment affirmed in part and reversed in part. Johnson and Blackburn, JJ., concur.*

DECIDED JULY 16, 1997 —
RECONSIDERATIONS DENIED JULY 30, 1997 — 

*Bondurant, Mixson & Elmore, M. Jerome Elmore, Frank M. Lowery IV, Vincent R. Lauria, Murray Z. Kahn,* for appellant.

*Arrington & Hollowell, Gary W. Diamond, Mark W. Wortham, Joni C. Hamilton,* for appellees.